Judge Nicholas;
delivered the Opinion of the Court.
Fenwick sued Caldwell, in detinue, for two slaves— one of them, as proved on the trial of the general issue, being dead before the institution of the suit. The only question, that need he noticed, is, whether the action could be maintained, for or on account of the slave that was dead.
It seems to us, that it cannot. The frame of- the action and the principles of pleading forbid it. Detinue jis a mode of action given for the recovery of a specific 'thing, and damages for its detention. Though judgment is, also, rendered, in favor of tiie plaintiff, for the alternate value, provided the thing cannot be had; yet the recovery of the thing itself is the main object and inducement to the allowance of the action. The thing sued for has to be so specially described in the writ, declaration, judgment and execution, that it may be distinguished from other things of the same species. The action is not adapted to the recovery alone of the value of a thing detained; nor can it be maintained therefor. The alternate judgment, for the value, is but a mere incident to judgment for the thing; nor can *333 it be rightfully rendered, except where there is a judgment for the thing, from which it can result as an inci-, dent or consequence. It would seem, therefore, to be an indispensable requisite, that there should be a thing sued for. A demand for a dead slave does not fulfil this requirement. It is not a thing, of estimation or value, such as the law requires to constitute the basis of an action.
Upon the principle of obviating inconvenience, the. action is allowed where the defendant has parted with the possession, before suit brought. But where the thing is still in existence, it is a something to be sued for,, and per-possibility, the defendant may obtain it, and surrender it in discharge of the judgment. Where the thing has been utterly destroyed before suit brought — ' where it no longer exists, the plaintiff’s.claim is reduced to a mere demand for reparation in damages, to be pursued by other and more appropriatgd’emedies.
We have met with no authority in maintenance of the action. The case of Carrel vs. Early, 4 Bibb, 210, is not such an authority. It was determined there, that the death of a slave pending the action, would not defeat a recovery, and no doubt properly. - For as the action was rightly ifistituted, the -slave being alym, and S. something-to sue for in existence at .the tíme of its inception', a subsequent casualty, not vfitfiih the- cpntrbl oil the plaintiff,.^lould not have been allowcdsto defesit'his suit. Besides", he could not have#regower,e«l the costs to which he was entitled, hut by being allowed to progress to judgment. The language of the opinion, when taken, as it should be, in reference to the case before the court, imports nothing more, than that the death of the slave alter suit brought, does not defeat the action. If it did import any thing more, it was so far extra-judicial.
As the court below allowed the plaintiff to recover for the slave that had died before the institution of the suit, the judgment must be'reversed, with costs, and the cause remanded with instructions for a new trial, and further proceedings consistent herewith.