SOLOMON BARNETT, Respondent, *v.* HENRY SELLING, Appellant.

An order of arrest, in an action to recover possession of personal property, is authorized under subdivision 3 of section 179 of the Code, as amended in 1851, when it appears that possession of the property was acquired by defendant, as purchaser, fraudulently and under circumstances justifying a reclamation by the vendor, and that defendant has sold the property with intent to perfect the fraud, and to put the property beyond the reach of the owner; such a sale is a disposition of the property "with intent to deprive the plaintiff of the benefit thereof," within the meaning of said section.

An action of replevin by the maker will not lie for a check, after it has been presented to and paid by the drawee, and returned as a voucher to the maker.

*Barnett* v. *Selling*, (9 Hun, 236) modified.

(Argued June 20, 1877; decided September 25, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying a motion on behalf of defendant to vacate an order of arrest herein. (Reported below, 9 Hun, 236.)

This was an action of replevin, plaintiff claiming to recover the possession of twelve bales of tobacco, and a check drawn by him for $2,000. The order of arrest was granted under subdivision 3 of section 179 of the Code. The affidavits upon which the order of arrest was granted, set forth in substance, among other things, that defendant, before the commencement of the action, by false and fraudulent representations, and with fraudulent, premeditated design not to pay, induced plaintiff to sell to him the tobacco in question, and to loan to him $2,000, which plaintiff did by giving a check for that amount, which check was paid to and the amount received by defendant; and that defendant, "with intent to deprive the plaintiff of the benefit thereof," sold and disposed of the tobacco, and that the sheriff, to whom the requisition in the action had been issued, had not found or

taken any part of the property in question, but had returned the requisition with the usual certificate in such cases. Defendant's affidavits, on the motion to vacate the order of arrest, alleged, among other things, that before the commencement of the action, and before any demand was made for its return, he had sold and delivered the tobacco in the ordinary course of trade, and had none of it in his possession or under his control; that plaintiff's check was paid on presentation by the drawee, charged to plaintiff's account, and returned to him as a voucher, and was in his possession before the commencement of the action. These allegations as to the check were not denied by plaintiff.

*Samuel Hand*, for the appellant. Defendant was not, upon the facts asserted by plaintiff, liable to arrest under subdivision 3 of section 179 of the Code. (*Roberts* v. *Randel*, 3 Sandf., 707.) To maintain the warrant, it must appear that defendant concealed, removed, or disposed of the property to prevent its being taken. (*Manley* v. *Patterson*, 3 Code R., 89; *Watson* v. *McGuire*, 33 How. Pr., 87; *Reimer* v. *Nagel*, 1 E. D. S., 256; *Pike* v. *Lent*, 4 Sandf., 650; *Sherlock* v. *Sherlock*. 7 Abb. Pr. [N. S.], 22.)

*A. R. Dyett*, for the respondent. For the purposes of this appeal, and as the appellant did not submit all the evidence, it must be presumed that on all the affidavits the judge at Special Term was justified in finding that all the allegations and charges made in the affidavits on which the order of arrest was granted were true. (*Brown* v. *Montgomery*, 20 N. Y., 287; *Nicholas* v. *Michaels*, 23 id., 264; 24 id., 139; *Devoe* v. *Brant*, 53 id., 462; 49 Barb., 98, 314; 2 Keyes, 647; *Darrell* v. *Turner*, 1 Paige, 493; *Waterbury* v. *Sturtevant*, 18 Wend., 361; 1 Hill, 308, 311, 317; *King* v. *Phillips*, 8 Bosw., 603.) Replevin may be maintained, although the defendant has not only parted with the possession of all control over the property, but has sold and disposed of the same to *bona fide* purchasers. (*Ellis* v. *Lersner*,

48 Barb., 539, affirmed by Comm. of Appeals; *Nichols* v. *Michael*, 23 N. Y., 264; *Dunham* v. *Troy R. R. Co.*, 3 Keyes, 543; *Brockway* v. *Burnap*, 16 Barb., 309; *Ward* v. *Woodburn*, 27 id., 346–353; *Savage* v. *Perkins*, 11 How. Pr., 17; *Durke* v. *Wakefield*, id., 106.) Replevin could be maintained for the check. (*Murray* v. *Burling*, 10 J. R., 182; *Decker* v. *Matthews*, 12 N. Y., 319; *Bowen* v. *Fenner*, 40 Barb., 390; *Buck* v. *Kent*, 3 Vt., 99; *Goggerly* v. *Cuthbert*, 2 B. & P. [N. R.], 170; 20 N. Y., 76; 1 Duer, 597; Morris on Replevin [2d ed.], 68; *Ford* v. *Williams*, 24 N. Y., 366; *Reynolds* v. *Scholer*, 5 Cow., 323.) Trover or detinue before the Code could have been maintained for both the tobacco and the check. (Code, § 275; 28 N. Y., 508; 17 id., 491; *Marquat* v. *Marquat*, 12 id., 341; *Emery* v. *Pease*, 20 id., 62; *Armitage* v. *Pulver*, 37 id., 494; 24 id., 40, 607; 29 How. Pr., 404; 15 Abb. Pr., 280; *Colton* v. *Jones*, 7 Robt., 160; *Brockway* v. *Burnap*, 16 Barb., 313; 3 R. S., 767, reviser's note; Code, § 179, subd. 1, 187.)

ALLEN, J. For all the purposes of this appeal it must be assumed that replevin, as a substitute for the action of detinue, now obsolete, will lie, although the defendant has parted with the possession of the property, and the same is beyond the reach of the process of the court, so that in no event can a return of the property be had, either in virtue of the "claim and demand" of the plaintiff, or any judgment that may be given in the action. (*Nichols* v. *Michael*, 23 N. Y., 264.) The subdivision (3) of the section (179) of the Code, under which the order of arrest was made in the case, was amended in 1851 by adding the last clause. Before that amendment an order of arrest was permissible in actions of this character, when the property or any part of it "has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff," and the amendment added this clause after the word "sheriff," "and with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof."

To authorize an order of arrest, therefore, there must be a concealment, removal, or disposal of the property, or some part thereof, with intent either to defeat the process of the court or to deprive the plaintiff of the benefit thereof; that is, of the property. An intent to put the property beyond the reach of the owner by selling it to a *bona fide* purchaser, when such a transaction would avail for the purpose, or by so changing its form that it could not be identified, or by concealing it, or by any other act, will authorize the order, although the fraudulent actor may not contemplate an action at law to recover the specific property. When, as is alleged and appears by the affidavits on which the order was made, possession of property has been acquired fraudulently, and under circumstances justifying a reclamation of it by the owner, and the fraudulent purchaser has sold the property with intent to perfect the fraud and put the property beyond the reach of the owner, the intent " to deprive the owner of the benefit thereof " contemplated by the act is established, and the case is not only directly within the letter of the statute, but is also within its spirit. Any other interpretation would deprive the last words of all meaning, as they would add nothing to the other provisions of the statute. Every act done with intent to evade the process of the court, and deprive the plaintiff of the benefit of his action is provided for, and made the ground of an arrest in the preceding clauses; and the last paragraph was added to cover a very different fraudulent intent.

The decisions of the courts of original jurisdiction may not be entirely harmonious, and yet in view of the fact that some of them have been made under the statute as it was before the amendment of 1851, and others before the principle enunciated in *Nichols* v. *Michael* had been authoritatively decided, and may well have been considered in doubt, there is no real conflict. Many of the opinions are able and interesting, but under the changes in the law need not be referred to, as they do not throw much light upon the reading of the present statute. Assuming that the purchase of the goods was fraud-

ulent, and that they were disposed of with intent " to deprive the plaintiff of " them, the case was one for an order of arrest. A *prima facie* case was made by the defendants of the fraud in the original purchase, and of the intent with which the goods were sold. It follows, therefore, that we cannot interfere with the order so far as the value of the tobacco is concerned. But while we cannot review upon this appeal from an interlocutory order, the cases holding that the action is maintainable in respect to the tobacco, and upon the merits discharge the order, we are not concluded in respect to the check included in the same action.

The giving of the check by the drawer was but the loan of the money represented by it to the payee. It was but the written authority of the lender to the depository of the money to pay the amount to the defendant, and when it was delivered to the drawee and the money paid thereon, it had accomplished its purpose and was *functus officio*, except as voucher in the hands of the payer in his settlements with the drawer. A verbal order acted upon by the depository or debtor of the drawer would have been as effectual, and served the same purpose as the written order. It is not necessary to say that trover might not have been brought for the check within the principle of *Murray* v. *Burling* (10 J. R., 172), but a check, when it has performed its office, can hardly be the subject of replevin, and if the plaintiff has it in his possession, the sheriff cannot return that it has been eloigned or cannot be found to deliver to the plaintiff. If the tobacco had, by any means, come to the possession of the plaintiff, the action of replevin would not lie, although trespass or trover might, for the original tortious taking or detention. Whenever the plaintiff admits the possession of property there can be no occasion for an action to recover the possession. He has to make an affidavit that the " property is wrongfully detained by the defendant," etc., and also the " actual value." (Code, § 207.) The property is not detained, and what is the actual value of a canceled check ? The defendant may give security for a return of the property. (Id., § 211.) I

do not see why it would not be a good defense to an action upon such a bond that the plaintiff had the possession, and that it was impossible for that reason literally to comply with the condition. Again, the judgment must be for a return of the property, and it is executed the moment it is rendered. (Code, § 277.) The affidavit that it "has been concealed, removed or disposed of," which is required for an order of arrest in the action, is necessarily untrue, and the plaintiff cannot make an affidavit in compliance with the statute. But the check, when paid and canceled, is of no value as property. The conversion of a note has respect to the time when the owner is deprived of it, and when it had value, and hence an action of trover lies to recover its value at that time, but replevin would not lie by the maker for a paid and canceled note which was in his hands.

An action in this form cannot be sustained for the check, and the order of arrest must, therefore, be modified by reducing the amount to two thousand five hundred dollars.

All concur.

Ordered accordingly.