JAMES A. THOMPSON AND CHARLES C. FOWLER, RESPONDENTS, *v.* JACOB STRAUSS, APPELLANT.

*Complaint — when the prayer for relief may be considered in determining whether the action is in replevin or for breach of contract — power of the court to allow amendments to be made to the complaint.*

It was alleged in the complaint in this action that the plaintiffs had been induced, by the false and fraudulent representations of the defendant, to sell and deliver to him certain specified parcels and quantities of tobacco; that the defendant after obtaining possession of such tobacco claimed that he was unable, and refused, to pay, the plaintiff therefor; and alleged that such inability was occasioned by his having transferred all his property to his wife, in payment of an alleged prior indebtedness; the complaint also alleged that a return of the tobacco had been demanded. It prayed for a return of the tobacco, or if that could not be had, for its value. It was not alleged that the plaintiffs owned the tobacco.

Upon a motion to set aside a requisition issued to the sheriff requiring him to replevy the tobacco and to vacate an order for the arrest of the defendant, granted on the ground that he had fraudulently disposed of the said tobacco so that it could not be seized by the sheriff:

*Held,* that in determining whether or not the action was one of replevin, or to recover damages for a breach of contract, the prayer for relief might be considered.

That although the complaint was defective in not alleging that the plaintiffs were the owners of the tobacco, the action was to be regarded as one of replevin.

That the court had power to allow the plaintiffs to amend the complaint and the affidavits which were defective, and to deny both of the motions, without requiring the payment of any costs.

APPEAL from an order made at a Special Term denying two motions, one to set aside proceedings to replevy certain property instituted by the plaintiffs, and the other to vacate an order of arrest granted herein.

This action was commenced on the 1st of August, 1882, by the service of a summons and complaint upon the defendants. Upon the same day an affidavit, an undertaking in replevin and a requisition were placed in the hands of the sheriff of Onondaga county, in pursuance of which he took into his possession a quantity of tobacco described in the complaint and affidavit. On August nineteenth the defendant was arrested in pursuance of an order granted upon the ground that a portion of the property had been disposed of by the defendant so that it could not be found or taken by the sheriff, with the intention that it should not be so found or taken, or to deprive the plaintiffs of the benefit thereof.

The complaint alleged that the plaintiffs had been induced to deliver and sell to the defendant a quantity of tobacco by reason of false and fraudulent representations as to his financial standing. That subsequent thereto he transferred all his property to his wife in payment of an alleged prior indebtedness, and claimed that he was unable and refused to pay the plaintiffs for the said tobacco, by reason of such transfer of his property to his wife. The complaint further alleged that a return of the property had been demanded, but did not allege that the plaintiffs owned the property. It prayed for a return of the property, or if that could not be had, for its value. The court allowed the complaint and affidavits to be amended, and denied both of the motions.

*Louis Marshall*, for the appellant.

*O. D. M. Baker*, for the respondent.

CULLEN, J.:

We think the court below properly held the action was for replevin. The complaint was defective in omitting to allege property in the plaintiff, but it did contain sufficient to authorize a

recovery on contract. The demand for relief was for a return of the property, or in case a return could not be, for the value of the property. The general rule is, as contended by appellant's counsel, that the demand for relief does not necessarily determine the character of the action, but the plaintiff may obtain the relief the facts alleged in his complaint warrant. But I think this rule is subject to qualification. There are some actions whose character is necessarily determined by the demand for relief. I think an action in replevin is one. The general rule, I think, is often stated too broadly, unless it be considered only as applicable where the defendant has answered. It is entirely possible that a complaint may state no good cause of action of any kind, and yet if the defendant fails to answer or demur, judgment will be entered in the same manner as upon the best of pleadings. Here it is apparent that the pleader intended to set forth a cause of action in replevin, and demanded the appropriate relief. The defendant has made default. Had the plaintiffs' facts failed to state any cause of action they would have been entitled to judgment on the defendant's default. I do not see why their position should be worse, because by going through the details of the complaint facts can be gathered which would support an action on contract.

The action being thus on replevin, the order of arrest was authorized if the defendant had disposed of the goods, even though without the intent to defeat this particular remedy. (*Barnett* v. *Selling*, 70 N. Y., 492.) The question of fact as to the defendant's fraudulent representations was properly decided by the Special Term.

The only remaining point is the leave given the plaintiffs to amend this complaint and defective affidavit and requisition. If the action was in replevin the court had power to allow the amendments, and the question was one of discretion, both as to the amendment and as to the impositions of terms. The plaintiffs might well have been mulcted in costs for their defects in procedure. But we do not feel disposed to interfere with the decision of the court below on that point.

Orders appealed from should be affirmed, without costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting

Order affirmed, with costs and disbursements.