By the Court.—Sedgwick, Ch. J.
The motion was denied below, on the ground that the proof showed that the defendant had disposed of the goods, which the sheriff could not find, with intent to deprive the plaintiff of the benefit thereof. The action was for the recovery of personal property, and the order of arrest was granted under subd. 1, § 550, of the Code of Civil Procedure.
There were enough facts to show that the- plaintiffs had been induced by the false representations of the defendant to sell him the goods. The sheriff was unable to find these goods. I am not inclined to give any force to the fact of the sheriff’s certificate, that declares that before the coming of the writ to him, the property had been eloigned, concealed, removed, or disposed of, so that he could not find or take the same. That is the statement of a judgment on his part, which a judge should make, upon facts that would show its correctness.
Barnett v. Selling (70 N. Y. 492), must be followed. The opiniepn says that an intent to put the property beyond the reach of its owner, by any act, will, the other elements appearing in the case, authorize the order, although the fraudulent actor may net contemplate an action at law to recover the specific property. The cited case justly gives importance to the fact that a fraudulent purchaser is affected by his knowledge, that the circumstances justify a reclamation of the chattels from him.
In the present case, the defendant knew that the chattels had been fraudulently obtained by him and that he should either pay for them or return them. Instead of that, he disposed of them before the assignment, or concealed them from the assignee, which would be really a concealment from all persons, among them these plaintiffs, or he delivered possession of them to the assignee. Any of these things would be in furtherance of the original fraud, and would tend to deprive the plaintiffs of the benefit of them. The inference would be, that such was the intention *371 of the defendant. Because, however, the assignee not be: ing a bona fide purchaser, cannot withhold the goods from the plaintiffs, it is argued that if the goods are in possession of the assignee, the assignment cannot be'deemed to show that the defendant had an intent by it, to deprive the owner of the benefit of the goods. The inference is to the contrary, unless it should appear, and it does not, that the defendant made the assignment in such manner that the assignee would not claim the goods and not believe it to be the duty of his trust to oppose the plaintiffs’ reclamation.
The existence of the facts, that have been referred to, made aprima facie case which the defendant was called upon to explain. Indeed, the absence of explanation strengthened the inferences unfavorable to the defendant.
I, therefore, am of opinion that the order should be affirmed, with $10 costs, and disbursements to be taxed.
Ingraham, J., concurred.