Cullen, J.
This action is in repelvin to recover goods obtained from five different assignors of plaintiff through fraudulent representations. All the property not having been recovered by the sheriff, an order of arrest was issued against the defendant. This order the defendant moved to vacate for insufficiency of the papers on which the order was granted, and from an order denying such motion this is taken.
The rule is, as claimed by the appellant, that where there are several causes of action, and the right to arrest depends upon the existence of extrinsic facts; if the extrinsic facts fan as to any one cause of action, the whole order of arrest must fall; otherwise, the bail might be compelled to answer a judgment proceeding upon a liability as to which the defendant was not subject to arrest. But the rule is not applicable to the case. Assuming the insufficiency of the affidavits to establish fraud in the sale of part of the property in suit, such fraud is not an extrinsic fact, but a necessary element of the cause of action. If the plaintiff fails to prove the" fraud he cannot succeed in recovering such property.
The error in appellant’s contention is in the assumption that the fraud is a part of the train of extrinsic facts supporting the order of arrest. Doubtless, if the fraud is not made out, the order of arrest should fall, but it should fall solely because the cause of action fails.
This case seems, therefore, to fall within the rule applied in Barnett v. Snelling (70 N. Y., 492), that the bail may be reduced if one of the causes of action set forth in the complaint is bad, but the order of arrest allowed to stand as to the residue.
The order appealed from should be affirmed, with costs, with leave to defendant to apply to reduce the amount of bail.
Barnard, P. J., and Dykman, J., concur.