McAdam, C. J.
The defendant obtained possession of the goods for examination, with the liberty of purchasing them upon certain conditions which remain unperformed. The contract _ expressly provides that the plaintiffs do not part with their title to the goods; that they are to remain their property and subject to their order until sold to the defendant. Such a contract neither vested the defendant with a present title to the property, nor with any power of disposition or sale thereof. Rathburn v. Waters, 1 City Ct. Rep., 36; Flowery. O'Brien, 70 N. Y., 465; Ballard v. Burgett, 40 id., 314; Austin v. Dye, 46 id., 500; Bean v. Edge, 84 id., 510; Weyman v. The People, 4 Hun, 511. The affidavit of Goldsmith, the plaintiffs’ agent, states that he called on the defendant before suit brought, and on behalf of his employers demanded the return of the property; that defendant said he did not have it, and could not return it. Goldsmith asked what right the defendant had to dispose of the goods without the plaintiff’s consent, and the defendant replied that he had no right to do so, b.ut was hard up for money and ran the risk, or words to that effect.
*290 This condition of things gave the plaintiffs, as aggrieved parties, an election of remedies. (1) They had the right to waive the tort and' treat the transaction as a sale to the defendant, by suing for goods sold and delivered (2) or to sue in trover for the conversion of the goods, or (3) to maintain replevin for the possession of the property, notwithstanding the defendant had parted with possession of the goods and was therefore incapable of delivering them. Nichols v. Michael, 23 N. Y., 269; Barnett v. Selling, 70 N. Y., 492. The plaintiffs elected to pursue the latter remedy, and have brought suit for the claim and delivery of the property, and the facts stated being the case within subdivision one of section 550 of the Code, which authorizes an arrest of the defendant in such an action. The phraseology of the subdivision is that the disposition of property must have been made ‘ ‘so that it cannot be found or taken by the sheriff, and with intent that it shall not be so found or taken, or to deprive the plaintiff of the benefit thereof.”
To authorize an order of arrest, therefore, there must be a concealment, removal or disposal of the property or some part thereof, with intent either to defeat the process of the court or to deprive the plaintiff of the benefit thereof. An intent to put the property beyond the reach of the owner, by selling it to a bona fide purchaser, when such a transaction would avail for the purpose, or by so changing its form that it could not be identified, or by concealing it, will authorize the order, although the fraudulent actor may not contemplate an action at law to recover the specific property. Barnett v. Selling, 70 N. Y., 495. Whether the property was disposed of with the premeditated design that it should not be found or taken by the sheriff, is of little importance, so long as the natural consequence of the defendant’s unlawful act is to prevent the property from being so found or taken, for what follows as a necessary sequence of an act is supposed to have been within the contemplation of the party at the time of doing it.
When the defendant put the plaintiffs’ property beyond their reach, the intent “to deprive the owner of the benefit thereof,” contemplated by the act, was established (Barnett v. Selling, supra); and in view of the fact that the plaintiffs have not been able, and are now unable, to find their property so as to take it in their replevin proceedings, the intent to evade the process of the court, and to deprive the plaintiffs of the remedy incidental to their action, is sufficiently proved.
For these reasons the motion to vacate the order of arrest must be denied, but with liberty to renew on affidavits.