BENJAMIN FITCH, Respondent, *v.* PATRICK McMAHON, Appellant.

*Court of Appeals, December* 17, 1886.

Affirming same case, 41 Hun, 642, Mem; 3 N. Y. St. Rep. 147.

1. *Arrest. Fraud.*—The evidence presented to a judge for an order of arrest under subdivision 1 of section 550 of the Code, though not as full and satisfactory as may be desired, is sufficient, if it is enough to confer jurisdiction to grant the order, on review in the court of appeals. The facts in this case were held sufficient to give the judge jurisdiction.

2. *Same.*—An allegation in a complaint that the defendant "wrongfully took" the chattels for which the action was brought does not necessarily imply a fraudulent taking, and the right to arrest in such case depends upon proof of the extrinsic fact of fraud.

Appeal from an order of the general term of the supreme court, affirming a special term order which denied a motion to vacate an order of arrest.

*Wm. J. Gaynor*, for appellant.

*Abram Kling*, for respondent.

PER CURIAM.—The ground of arrest, as stated in the

order, is that specified in subdivision 1 of section 550 of the Code of Civil Procedure. The affidavits tended to establish that the goods purchased by the defendant from Benjamin Fitch & Co. were obtained by fraud. The affidavit of Fitch shows that between the first of September and the twenty-first of October, 1885, his firm sold to the defendant goods and merchandise of the value and kind alleged in the first cause of action set out in the complaint, upon his representation that he was doing a good business, which the affiant alleges was untrue, " which appears by the affidavits annexed," and to which he refers. It appears by reference to their affidavits that on the thirteenth of November, 1885, twenty-three days after the last sale by Fitch & Co., the defendant made a general assignment to one of his sons, with a fraudulent preference, in favor of a son residing in England, of $4,220, and that his assets, at the time of his assignment, were $7,212.25, and his liabilities about $14,308.17. It is a reasonable inference from these facts that the defendant's representations to Fitch & Co. that he was doing a good business, upon the faith of which Fitch & Co. sold the goods, were false.

The fraud in the purchase of the goods justified the further inference that the inability of the sheriff to find the goods, and take them on the requisition, was in consequence of a fraudulent disposition or concealment of the goods by the defendant, in pursuance of his original fraud, with intent that they should not be taken, and to deprive the true owner of the benefit thereof. Barnett *v.* Selling, 70 N. Y. 492.

The affidavits presented a case justifying the judge granting the order in deciding that a cause of arrest, under subdivision 1, section 550, was made out. The evidence presented to the judge was not as full and satisfactory as might be desired, but there was enough to confer jurisdiction to grant the order. We assent to the contention of the defendant's attorney that the allegation in the com-

plaint, that the defendant "wrongfully took" the chattels for which the action was brought, did not necessarily imply a fraudulent taking, and that the right to arrest depended upon an extrinsic fact to be shown. But we think the requisite extrinsic fact was shown, or, at least, there was evidence tending to show it, which gave the judge jurisdiction.

The order should be affirmed.

All concur.