## ESTELL *v.* DE PENNEVET.

*(Common Pleas of New York City and County, Special Term.　June 1, 1888.)*

ARREST—IN CIVIL ACTIONS—PLACING PROPERTY BEYOND REACH OF SHERIFF.

 Where plaintiff deposits his promissory note, payable to himself, and indorsed by him, with defendant, as collateral security for a letter of credit, upon the written stipulation of defendant that he will not allow the note to go out of his possession, defendant's parting with the note before its maturity, and giving it to his creditors

as collateral for any balance which might be due them from him, knowing that there was nothing owing upon the letter of credit, constitutes a disposal of a chattel so that, and it will be presumed with intent that, it shall not be found by the sheriff, though it is not shown to be held by an innocent indorsee; and an order of arrest will be granted.

On motion to vacate order of arrest.

The plaintiff in this case was William H. Estell, and the defendant, Brayer De Pennevet.

*Peck & Mason*, for plaintiff.    *Wm. Sulzer*, for defendant.

DALY, J.   The plaintiff deposited his note for $3,000, dated January 16, 1888, payable three months after date, to his own order, and indorsed by him, with the defendant, as collateral security for a letter of credit of £600 received from defendant, upon the written stipulation of defendant that he would not allow the said note to go out of his possession.   The plaintiff subsequently tendered the letter of credit to defendant, and demanded the return of the note, which was refused; defendant having parted with the note, having given it as collateral security for any balance of account which might be due from him to the firm of Alfred Carr & Co.   Defendant knew when he did so that there was nothing owing upon the said letter of credit.   The note has been presented to plaintiff for payment by the Tradesmen's National Bank.   Under the authorities, these facts make out a case of disposing of a chattel so that it cannot be found or taken by the sheriff, and with the intent that it should not be so taken.   *Barnett v. Selling*, 70 N. Y. 492.   The defendant, when he pledged the note with his creditors, knew that he was diverting it from the purpose for which it had been deposited with him, and that he was putting it beyond the reach of the owner; and he will be presumed in so doing to have intended that it should not be taken by the sheriff in the event of plaintiff's bringing an action to recover it.   The order of arrest was, therefore, properly granted.   The defendant suggests that the Tradesmen's Bank may have presented the note on behalf of defendant; that there is no proof that it is now held by an innocent holder; and that it was transferred before maturity, etc.   But this is not an answer to the action.   The affidavit of J W. Mason shows an admission of defendant that he had pledged the note.   If this were done after its maturity, if it were not held by a *bona fide* holder, the defendant could easily show the fact; but that would not, I think, defeat the action.   The transfer of the note and inability to deliver it upon demand establish the liability of the defendant in this form of action.   An action for the recovery of plaintiff's own negotiable promissory note, before it is paid, may be maintained the same as for any chattel.   *Barnett v. Selling*, above; *Murray v. Burling*, 10 Johns. 172.

Motion to vacate order of arrest and to discharge defendant denied, with $10 costs.