large excess of disbursements over receipts of board for patients in 1888, amounting to $128,994.50. The order should therefore be reversed, and judgment given that the farm is exempt from taxation, with $10 costs and disbursements on appeal.

---

### HOUGH v. FOLENSBEE.

(*Supreme Court, Special Term, Albany County.* December 30, 1890.)

ARREST IN CIVIL ACTIONS—COMPLAINT—DETAINING CHATTELS.

A complaint in an action to recover personal property or its value, which alleges that defendant "has concealed, removed, or disposed of" the property with intent to deprive plaintiff of the benefit thereof, is insufficient, as in an action "to recover a chattel," to support an order of arrest, since it does not further aver that the property "cannot be taken or found by the sheriff," as required by Code Civil Proc. N. Y. § 549, subd. 2; but where the complaint also alleges the ownership of the property, its delivery to defendant to be sold by him, and the fact that defendant has not sold it, but detains it from plaintiff after demand, it is sufficient to support the order of arrest under that clause of section 549, subd. 2, which authorizes the order in an action for "the wrongful taking, detention, or conversion of personal property."

Action by Isaac Hough against T. V. Folensbee. Defendant moves to vacate an order of arrest.

*John A. Stephens,* for plaintiff.   *Edward J. Maxwell,* for defendant.

LEARNED, J. Under the old Code, § 179, prior to 1851, it was provided that a defendant might be arrested in an action to recover personal property, "where the property or any part thereof has been concealed, removed, or disposed of, so that it cannot be found or taken by the sheriff." In 1851 this was amended by adding: "And with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof." Proof was to be made by affidavit. Section 181. In the case of *Barnett* v. *Selling,* 70 N. Y. 492, decided under that section, (179,) the affidavits showed that the defendant had by fraudulent representations bought tobacco of the plaintiff, and that the defendant with intent to deprive plaintiff of the benefit thereof had sold and disposed of the tobacco, and that the sheriff to whom the requisition had been issued had not found or taken any part of it, but had returned the requisition with the usual certificate. It was held that the order of arrest in respect to the tobacco was properly granted. It will be seen, therefore, that it appeared by the affidavits in that case that the sheriff had been unable to find or take the property; and, further, that the claim for the property had been previously to the order of arrest. No question therefore arose as to the allegations needed in the complaint. There was no dispute that the property could not be found or taken by the sheriff, and the first sentence of the opinion speaks of the property being beyond the reach of the process of the court. A concealment, removal, or disposal of the property which did not put it beyond the process of the court was not considered by the court, for no such case existed. The present Code, as it now stands, is different. The provision was originally found in section 550, subd. 1, where it was substantially like the old Code, § 179, subd. 3. But, by chapter 672, Laws 1886, nothing was left of section 550, but its last subdivision, and the whole matter was brought into the new section 549. Subd. 2 of that section is the one to be considered. It will be found that this subdivision authorizes an order of arrest in several kinds of action. As to some of these, it simply describes the kind of action, in others, it requires certain allegations in the complaint. For instance, it gives authority for an order of arrest in an action to recover for money received, "where it is alleged in the complaint," etc. So it gives a right to an order of arrest in an action to recover a chattel "where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed, or disposed of, so that it cannot be

found or taken by the sheriff, with intent," etc. The complaint in this action avers that the defendant has sold the goods in question, and refuses to deliver them, and wrongfully detains them, and has concealed, removed, or disposed of them, with intent to deprive the plaintiff of the benefit thereof. But it fails to aver that the property or any of it cannot be found or taken by the sheriff. It is very possible that the property has been sold, and yet it may be within reach of the process of the court, and the plaintiff asks for a recovery of the property or for the value, in case a delivery cannot be had. If the complaint then were solely for the recovery of a chattel, in my opinion, the order of arrest could not be sustained. But there is another clause in subdivision 2 of this section, by which an order of arrest may be granted for an injury to property "including the wrongful taking, detention, or conversion of personal property." Now, this complaint avers the ownership of the property; the delivery to defendant to be sold by him; the fact that defendant has not sold the property, and unlawfully detains it from plaintiff after demand. Here, then, is a sufficient complaint for wrongful detention and conversion; and, in an action of that kind, an order of arrest may be granted.

Motion denied, with $10 costs.