JOSEPH F. SINNOTT, Individually, and as Surviving Partner of ANDREW F. MOORE, Deceased, Appellant, *v.* BERNARD FEIOCK, Respondent, Impleaded with Another.

REPLEVIN — WHEN NOT MAINTAINABLE. Replevin will not lie against the vendee of goods fraudulently purchased where, prior to a demand for their return and before the commencement of the action, they have been taken from him by process legal as to him, viz., an execution, and not by any voluntary act on his part. Authorities upon the subject of replevin collated and discussed.

(Argued December 6, 1900; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 22, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank J. Hone* and *Thomas Bracken* for appellant. The dismissal of plaintiff's complaint as to defendant Feiock was error. (*Barnett* v. *Selling,* 70 N. Y. 492; *Nichols* v. *Michael,* 23 N. Y. 264; *Knapp* v. *Smith,* 27 N. Y. 277; *Ellis* v. *Lersner,* 48 Barb. 539; *Dunham* v. *T. U. R. R. Co.,* 3 Keyes, 543; *Brockway* v. *Burnap,* 16 Barb. 309; *Ward* v. *Woodburn,* 27 Barb. 346; *Tasker* v. *Ryan,* 75 N. Y. S. R. 341; *N. S. Co.* v. *Sheahan,* 122 N. Y. 461; *Devoe* v. *Brandt,* 53 N. Y. 462.)

*Charles E. Bostwick* for respondent. The dismissal of the complaint as to defendant Feiock was proper. Even if he had wrongfully obtained possession of the said chattels, there is no claim on the part of the appellant that he wrongfully detained them or wrongfully parted with them. (*Hall* v. *White,* 106 Mass. 599; *Roberts* v. *Randel,* 3 Sandf. 707.)

Cullen, J.   The action is in replevin to recover certain chattels which it was alleged the plaintiff was induced to sell to the respondent by fraud on the part of the latter.   The complaint was in the ordinary form and averred property in the plaintiff and that the defendant wrongfully took and detained the chattels.   The complaint was dismissed on the opening of the plaintiff's counsel and his concession (apparently made for the purpose of obtaining a ruling on the question) that prior to a demand for the return of the goods and before the commencement of the action the chattels had been taken from the defendant on an execution against him and sold, so that at the time of such demand and commencement of the action they were not in the defendant's possession, custody or control.   On this concession the trial court dismissed the complaint and the judgment entered on such dismissal has been affirmed by the Appellate Division.

There was no suggestion made that the defendant obtained the property with the intention that it should be seized on execution or in pursuance of any conspiracy or collusion with the execution creditor.   The sale was not void, but voidable at the election of the plaintiff.   At the time the chattels were seized on execution the plaintiff had not rescinded the sale, and whatever were the plaintiff's rights, the seizure of the goods as to the defendant was lawful, and he could not resist or avoid it.   The question presented, therefore, is whether the defendant is liable in an action of replevin for the recovery of the chattels after they have been taken from him by process legal as to him and not by any voluntary act on his part.   The determination of this question requires an examination and consideration of this particular form of action as it now exists under our Code and statutes.

Originally at common law the action of replevin lay to recover the possession of goods illegally distrained by a landlord.   The primary object of the action was to recover possession of the specific chattels.   The form of action was so useful that the action was extended to nearly all cases of unlawful caption or detention of chattels where it was

sought to recover the chattels in specie. In many cases where the plaintiff was unable to obtain the return of the chattels he could recover in the action their value. Still, the action remained essentially one to recover the possession of chattels as distinguished from actions in trespass or trover to recover damages for the seizure or for the value of the property. There were many technical rules in force relating to this form of action, which at times made proceedings under it difficult, and in 1788 a statute was passed in this state (1 R. L. 1813, p. 31) to simplify the procedure. It directed the form of plaint before the sheriff in which the plea was "of taking and unjustly detaining" beasts, goods or chattels. Afterwards the Revised Statutes prescribed the rules governing actions of replevin and the procedure therein. (Title 12, chap. 8, part 3.) In the original note of the revisers is stated their intention to so extend the action of replevin " as to make it a substitute for detinue, and a concurrent remedy in all cases of the unlawful caption or detention of personal property, with trespass and trover." We do not think the revisers used the term " concurrent " as meaning " co-extensive," for by section 6, title 12, it is provided that the action shall in all cases be commenced by writ, the form of which is prescribed as follows: " Whereas A. B. complains that C. D. has taken, and does unjustly detain (or, ' does unjustly detain,' as the case may be)." The execution in the action required the sheriff to replevin the goods if they could be found and deliver them to the plaintiff, and in case they could not be obtained to collect their value with the damages and costs from the property of the defendant. The provisions of chapter 2 of title 7 of the Code of Procedure of 1848, entitled claim and delivery of personal property, operated as a substitute for those of the Revised Statutes. They direct that at the commencement of the action the plaintiff may replevy the chattels, but in the affidavit to obtain the writ there is required the statement that the defendant " unjustly detains " them. The provisions of the present Code of Civil Procedure in the article entitled " Action to recover a chattel "

(§ 1689 to § 1730), are substantially the same as those of the old Code.

The question several times arose under the Code of Procedure whether replevin could be maintained against a party who was not in possession, either actual or constructive, of the chattels, and was the subject of conflicting decisions in the Supreme Court and in the Superior Court of New York. It finally came to this court in *Nichols* v. *Michael* (23 N. Y. 264). This was also a case of fraudulent purchase of goods in which the defendant, before the action was brought, had voluntarily transferred the goods to his assignee. It was held that the action could be maintained. This decision was based on the authority of two English cases, *Garth* v. *Howard* (5 Car. & P. 346) and *Jones* v. *Dowle* (9 M. & W. 19). In the case in this court Judge SELDEN wrote: " The theory upon which these cases proceed is perfectly sound, and applies directly to the present case. It is, that where a person is in possession of goods belonging to another, which he is bound to deliver upon demand, if he, without authority from the owner, parts with that possession to one who refuses to deliver them, he is responsible in detinue equally with the party refusing. He contributes to the detention. It is the consequence of his own wrongful delivery. The action in such cases may properly be brought against both, because the acts of both unite in producing the detention." This doctrine has been steadily adhered to by this court. (*Barnett* v. *Selling*, 70 N. Y. 492; *Dunham* v. *Troy Union R. R. Co.*, 3 Keyes, 543.) These decisions, however, do not control the present case. They are authorities to the effect that where the defendant has wrongfully parted with possession the action will lie. As already stated, the defendant did not part with possession by any act on his part, but the property was taken from him by process of law valid as to him and which he could not resist. To uphold a recovery in replevin under such circumstances we must go further, and decide that whenever property has been taken or obtained wrongfully an action of replevin may be maintained against the taker regardless of whether the property is in his posses-

sion or whether he has been lawfully deprived of it, and, as a logical sequence, as we think, also regardless of the fact that the property sought to be replevined may have ceased to exist without fault on the defendant's part; in other words, that the action can be maintained under all circumstances to the same extent as an action for conversion. Such a doctrine would substantially destroy the characteristics of an action of replevin which distinguish it as an action to recover possession of specific property, and we find no authority for it in the decisions of this or of our sister states. In Massachusetts the rule seems absolute that the defendant must be in possession when the action of replevin is brought. (*Richardson* v. *Reed,* 4 Gray, 441; *Hall* v. *White,* 106 Mass. 599.) In the earlier case it is said: " By the common law replevin cannot be maintained where trespass cannot; for, by that law, an unlawful taking of goods is a prerequisite to the maintenance of replevin. But trespass will lie in cases where replevin will not. Replevin, being an action in which the process is partly *in rem,* will not lie where it is impracticable or unlawful to execute that part of the process according to the precept." In the later case it was held that the action would not lie against a sheriff who had seized goods but parted with possession before the date of the plaintiff's writ. The same rule obtains in New Hampshire (*Mitchell* v. *Roberts,* 50 N. H. 486), Iowa (*Coffin* v. *Gephart,* 18 Iowa, 256), Missouri (*Feder* v. *Abrahams,* 28 Mo. App. 454; *Davis* v. *Randolph,* 3 Mo. App. 454), Maine (*Howe* v. *Shaw,* 56 Me. 291), Minnesota (*Ames* v. *Miss. Boom Co.,* 8 Minn. 467), and in North Carolina (*Haughton* v. *Newberry,* 69 N. C. 456). In Michigan the statute as to procedure in replevin is similar to our own, and in *McBrian* v. *Morrison* (55 Mich. 351) the Supreme Court of that State, following the rule in *Nichols* v. *Michael* (*supra*), held that the action lay, despite a wrongful transfer by the defendant prior to its institution. In the subsequent case of *Gildas* v. *Crosby* (61 Mich. 413) it is said: " The nature of the remedy, the detention being the gist of the action and the delivery of the goods its object, forbids this action against one

not in possession and who cannot deliver the property unless he has concealed, removed or disposed of the same with the intent of avoiding the writ." Accordingly it was held that replevin would not lie against a pledgee who had improperly sold the pledge and parted with possession. With us it is sufficient that the defendant has voluntarily disposed of the property, though without intent to avoid the writ. (*Barnett* v. *Selling, supra.*) In Wisconsin, though a decision on the exact point seems wanting, the dicta of the opinions indicate the rule to be the same as that in this state. In Virginia there is a very early case on the subject (*Burnley* v. *Lambert*, 1 Wash. 308) argued by Mr. (afterwards Justice) Washington and Mr. (afterwards Chief Justice) Marshall. It was there held that the defendant could not, by transferring the property before the commencement of the action, defeat the writ. In the opinion it is said that " Possession of the defendant prior to the suit was sufficient to charge him unless he was legally evicted." In *Pool* v. *Adkisson* (1 Dana, 110) the Court of Appeals of Kentucky, following the decision in *Burnley* v. *Lambert*, held that the voluntary transfer of the defendant before suit did not defeat an action in replevin. It is there said : " According to the case of *Burnley* v. *Lambert*, the fact that the plaintiff was not possessed of the slaves when this suit was brought cannot change or affect the remedy, unless he had been ' legally evicted.' This doctrine, if interpreted literally, may be too restrictive. But it seems to be free from just exception, if understood as we suppose it ought to be, to mean that the plaintiff had been divested of the possession in a manner authorized by law, and which would, therefore, exonerate him from the charge of tortious conduct." It was held by the same court, in *Caldwell* v. *Fenwick* (2 Dana, 333), that detinue could not be maintained for a slave dead before the commencement of the action, though otherwise if he had died subsequent to the commencement of the action, or the defendant had improperly parted with his possession. The court said : " Detinue is a mode of action given for the recovery of a specific thing and damages

57

for its detention, though judgment is also rendered in favor of
the plaintiff for the alternate value, provided the thing cannot
be had; yet the recovery of the thing itself is the main object
and inducement to the allowance of the action. * * * The
action is not adapted to the recovery alone of the value of a
thing detained; nor can it be maintained therefor."

We have thus reviewed the leading cases in this country
in reference to the circumstances under which an action of
replevin can be maintained. None of them authorizes the
maintenance of the action under the circumstances of the
present case. In all of them replevin is held to be essentially
a possessory action. In many of the states it is unqualifiedly
requisite for the maintenance of the action that the defendant
should be in possession of the chattels sued for at the time
the action was commenced. In others, as in our own state,
an exception is made to the general rule where the defendant
has voluntarily parted with the property. Still the exception
goes only to the extent stated. The law in Virginia and Ken-
tucky is substantially the same as our own, and the cases cited
from those states are well reasoned on principle. The case at
bar falls within the rule stated in those cases, that where the
defendant is evicted by legal process before suit brought the
action will not lie, and we are, therefore, of opinion the dis-
position of the case by the courts below was correct. We
have not overlooked the decision in *Devoe* v. *Brandt* (53 N.
Y. 462). In that case Samuels, the vendee, from whom the
goods had been taken on execution, did not defend the action
and the question we have discussed did not arise. The action
was unquestionably well brought against the other defendant,
as he was in possession of the chattels at the time of the com-
mencement of the suit.

It is urged that whatever may have been originally the
nature and character of an action of replevin, there is now no
longer reason for maintaining a distinction between it and an
action for conversion, and that it would conduce greatly to
the speedy administration of justice to permit the use of the
first form of action as a substitute for the second. A good

deal may be said in favor of this claim, great as would be the innovation resulting in its acceptance. There is, however, a serious objection to adopting this view of an action of replevin. If a defendant is arrested in an action to recover a chattel he can be discharged only upon giving a bond for the return of the chattel or the full payment of any judgment that may be recovered against him ; while in an action for conversion the bond is conditioned only for his personal surrender to any mandate or final judgment against him. (Code Civ. Pro. § 575.) The form of the action, therefore, seriously affects the rights of the defendant against whom it is brought. While this consideration should not induce us to limit the scope of an action of replevin except within the bounds pre-scribed by statute and the authorities, it may well restrain us from taking any radical departure in the law.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.