FORD GARAGE Co, INC., Appellant, v. FRED A. BROWN, as
    Sheriff of Washington County, Respondent.

Third Department, November 16, 1921.

**Replevin — property levied on by sheriff under execution against
    third person — notice served by plaintiff on sheriff after levy
    that plaintiff was owner of property and forbidding sale is sufficient
    demand — replevin may be maintained though sheriff sold prop-
    erty before action commenced — complaint may be amended in
    Appellate Division to allege demand.**

In an action of replevin against a sheriff it appeared that at the time the
    sheriff levied on the property in question, the plaintiff was the owner
    thereof and entitled to the immediate possession; that before the execution
    sale the plaintiff notified the sheriff that he was the owner of the property,
    identifying it, and forbidding the sale thereof. *Held*, that said notice
    was equivalent to and answered all the purposes of a demand for the
    return of the property necessary to make it wrongful for the sheriff to
    maintain the possession rightfully acquired.

The action is maintainable, though the sheriff had already parted with his
    possession of the property and the same was beyond the reach of the
    process of the court.

There having been sufficient proof of a demand, if an allegation of demand
    is necessary in the complaint, permission will be granted by the Appellate
    Division to make an amendment.

APPEAL by the plaintiff, Ford Garage Co., Inc., from a
judgment of the County Court of Washington county in
favor of the defendant, entered in the office of the clerk of
said county on the 13th day of June, 1921, upon the dismissal
of the complaint on the merits at the close of the case, and
also from an order entered in said clerk's office on or about
the same day, setting aside the verdict of a jury in favor of
the plaintiff rendered by direction of the court and dismissing
the complaint.

*Frank Hurley*, for the appellant.

*William Sears*, for the respondent.

VAN KIRK, J.:
    The action was tried in the County Court, after an appeal
from Justice's Court. The plaintiff had purchased from

Forrest W. Patrick the Westinghouse electric motor in question, with other property, and paid therefor the full consideration. All the property was removed by plaintiff except the electric motor, which was loaned to Patrick at his request upon the promise of Patrick that he would deliver the motor to the plaintiff at Glens Falls as soon as he had finished using it in certain specified work. The defendant sheriff levied upon the electric motor under an execution against Forrest W. Patrick while still in Patrick's possession. At this time the plaintiff was the owner of the motor and entitled to its immediate possession. The sheriff advertised the motor for sale on November 29, 1919. Between November 21 and November 29, 1919, the sheriff received a written notice from the plaintiff, identifying the motor, informing him that the motor was the property of the plaintiff and forbidding the sale. Thereafter and on November 29, 1919, the defendant sold the motor. The jury found a verdict for the plaintiff in the sum of seventy-seven dollars and fifty cents. Upon defendant's motion the court set aside the verdict, saying: " Inasmuch as the motor came into his [defendant's] possession rightfully, a demand was necessary in order to make him liable for conversion. * * * Inasmuch as the plaintiff is unable to prove a demand, no recovery can be had against the defendant, even if the court granted the plaintiff permission to change the complaint from one in replevin to one for conversion. Therefore, the verdict should be set aside and the complaint dismissed, with costs in favor of the defendant." The court expressed the view that the sheriff, having come into possession of the motor rightfully, and having parted with legally acquired possession before the replevin action was commenced, by selling the property pursuant to statute, this action of replevin will not lie.

The decision in *Sinnott* v. *Feiock* (165 N. Y. 444) is apparently misunderstood. The plaintiff there had been induced by fraud on the part of the defendant to sell to him the property in dispute. The defendant was in possession of the property under that sale at the time the sheriff levied thereon under a judgment against the defendant Feiock and sold the property before any claim by Sinnott had been made and before the sale had been repudiated because of fraud. The sale was not void, but voidable at the election of the

plaintiff. The title acquired by the defendant was good until that election had been exercised and the levy, therefore, was lawful and defendant had no tenable ground on which to resist the sale thereunder; the court held that the defendant was not liable in an action of replevin for the recovery of the chattels after they had been taken from him by process legal as to him and not by any voluntary act on his part. In this case the defendant, after the notice that this plaintiff was the owner of the property and entitled to its immediate possession, and forbidding the sale, parted with the possession. He was informed that Patrick was not the owner and the property should not be taken under an execution against Patrick. We think the notice was the equivalent of, and answered all the requirements of, a demand. This action may be maintained although, before this action was begun, defendant had parted with the possession of the property and the same was beyond the reach of the process of the court, so that in no event could a return of the property be had, either in virtue of the claim and demand of the plaintiff, or any judgment given in the action. (*Barnett* v. *Selling,* 70 N. Y. 492, 494; *Sinnott* v. *Feiock, supra.*)

At no time did the defendant ask that the complaint be dismissed because of the failure to allege demand, but in his motion to dismiss the complaint at the end of the plaintiff's case he stated as one ground that there is no evidence of any demand for a return of the motor, made either of the sheriff after the levy, or of a purchaser on the execution sale. We think there was sufficient proof of demand on the sheriff and the court could, and apparently, as appears in its memorandum, would have granted a motion to amend the complaint had the question of sufficient pleading been raised. If the allegation of a demand is necessary in the complaint it may be amended in this court and leave to so amend should be granted.

The judgment and order appealed from are reversed, with costs to the appellant, and the verdict is restored.

JOHN M. KELLOGG, P. J., COCHRANE, H. T. KELLOGG and KILEY, JJ., concur.

Judgment and order reversed, with costs and verdict restored.