EUGENE McGREEVY, Respondent, *v.* NEW YORK CENTRAL RAIL-
ROAD COMPANY, Appellant, Impleaded with FRANCIS CALLAHAN,
Defendant.   (Action No. 1 — Replevin.)*

Fourth Department, January 9, 1935.

*Daniel Scanlon,* for the appellant.

*Walter D. Smith,* for the respondent.

PER CURIAM.   The only matters now at issue in this replevin
action are measure and amount of damages.   In the circumstances
of the case we concur in the conclusion reached by the official
referee that depreciation in value was the proper measure of
damages.   (*Allen* v. *Fox,* 51 N. Y. 562.)   The chattel was taken
by defendant on June 14, 1926.   On March 26, 1927, the parties
to the action stipulated as follows: " It is hereby stipulated and
agreed by the attorneys for the parties in the above-entitled action
that plaintiff, Eugene McGreevy, may take possession of the bin
and equipment which form the subject of this action and remove
them from the premises where they are now located at or near
Newark, New York, and that this action may continue, without
prejudice to any party by reason of this stipulation or of such
removal, for the determination of the amount of damages, if any,

to which plaintiff is entitled by reason of the detention alleged in the complaint herein. Dated March 26, 1927. Gardner & Moseson, Attorneys for Plaintiff. Williams & Cowie, Attorneys for Defendants." This stipulation precludes plaintiff from recovering damages for detention after March 26, 1927. Since we are unable from the record to determine the depreciation for the period from June 14, 1926, to March 26, 1927, in dollars and cents, we reverse the judgment upon the law and facts and grant a new trial, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.