■ WALTER MICHALOWSKI, Appellant-Respondent, v. FREDERICK J. EY, as Office of Property Custodian, Nassau County Police Department, Respondent-Appellant.— In an action against the property clerk of the Nassau County Police Department to recover possession of an automobile or, if possession could not be given, $1,000, its alleged value, together with $4,000 damages for its detention, a judgment was entered directing defendant to deliver to plaintiff the automobile, or $100, its value at the time of the trial, if possession could not be delivered, together with $151.75, the costs and disbursements of the action. Plaintiff appeals from so much of the judgment as failed to award $4,000, the alleged depreciation in value of the chattel between the time when it was seized by the police and the trial. Defendant appeals from so much of the judgment as awarded possession of the car to plaintiff, or $100 in lieu thereof if possession could not be given, and as granted costs and disbursements to the plaintiff. Judgment reversed on the law, with costs, and complaint dismissed without prejudice to the commencement of a new action based on facts occurring after April 23, 1953. The findings of fact are affirmed. In November, 1947 one James Savini was arrested in Nassau County on a warrant for the violation of his parole on a sentence imposed in Michigan on a conviction of rape. In Nassau County bail was fixed for his appearance on December 29, 1947. When he failed to appear on that date, the bail was forfeited and a warrant was issued for

jumping bail. On March 11, 1948 the Nassau County police were seeking to arrest Savini, a fugitive from justice, on those warrants. The police had received information that Savini had a 1947 Cadillac sedan, the subject of this action. On that date, they found the plaintiff in possession of the car which bore Florida license plates. He had no registration or proof of ownership in himself but claimed that he had purchased the car from Savini, alias James Gallo. The police seized the car on that day and the property clerk has possession thereof. With the unsavory police records of the plaintiff and Savini and the connection between them as shown in this record, the police were warranted in seizing the car on that day. In effect, plaintiff, by bringing this action on the theory of a wrongful detention, not a wrongful taking, has conceded that the police were warranted in seizing the car. Plaintiff testified that, in the evening before the police seized the car, he received a telephone call from Savini, met him, purchased the car for $4,000, paying $3,500 in cash and canceling a $500 debt, and received possession then and there. On April 9, 1948 he obtained New York license plates and a New York registration on the strength of a transfer of title from James Gallo, the record owner of the car, which transfer was allegedly executed before a notary in Georgia on April 8, 1948. When he demanded possession of the car on April 9, 1948 and refused to give the police any information as to the whereabouts of Savini, he was arrested as a material witness and was denied possession of the car. Plaintiff testified that he met Savini on the street in Miami on or about April 7, 1948 and he flew with him to Georgia on April 8, 1948 where Savini, under the name of Gallo, executed the transfer of title. On April 10, 1948 the Police Department of Nassau County addressed a letter to the Georgia notary accompanied with photographs of Savini, alias Gallo, and the plaintiff, requesting her to identify them. The notary was unable to do so and had no recollection of administering the oath to any such person or taking the acknowledgment. On April 22, 1948 the Bureau of Motor Vehicles suspended the registration of the automobile at the request of the police. In part, the suspension was based (1) on the police request which was founded on the suspicious circumstances as to the ownership and change of title, and (2) on the fee paid for the registration, which was deemed to be improper inasmuch as the weight listed on the registration application was much less than the actual weight of the car. On April 6, 1949 Savini was sentenced to jail in Florida for armed robbery and was still serving his sentence there as late as July 7, 1953. Warrants were lodged in Florida against Savini by the following jurisdictions: Michigan — for parole violation, Nassau County—for bail jumping, Queens County—for assault and robbery, and Suffolk County—for grand larceny. On April 23, 1953 this action was instituted. Some of the delay in instituting and bringing this action to trial was due to the fact that plaintiff had instituted an article 78 proceeding against the Police Commissioner and the District Attorney of Nassau County, which was dismissed without prejudice to the institution of an action in replevin (*Matter of Michalowski* v. *Beckman,* 274 App. Div. 946 [Nov. 29, 1948]). Some of the delay was apparently due to the fact that plaintiff was convicted in 1949 of attempted rape in the first degree and sentenced to imprisonment for two to five years. In July, 1953 he was arrested for violation of parole and was not released until December, 1955, shortly before the trial of this action. There is no proof that the car was ever stolen or that it was acquired by Savini with the proceeds of, or as the fruit of, a crime. The trial court found that plaintiff had not purchased the car in 1948 or at any other time. That finding was warranted. The evidence would have warranted specific findings that plaintiff's statements to

the police in 1948 were made with a view toward secretly turning the car over to Savini or toward selling it and turning the proceeds over to him and thus assisting him to avoid apprehension. Plaintiff's acts in 1948 tended to impede or prevent the course of justice, were *malum in se* and were against public policy (*Baehr* v. *Wolf*, 59 Ill. 470; see Penal Law, §§ 2,580, 1694-a, 1698, 1787). What is injurious to the interest of the public is void on the grounds of public policy (*Flegenheimer* v. *Brogan*, 284 N. Y. 268, 272). *Ex turpi causa non oritur actio*. To recover, plaintiff must show a possessory right recognized by law. He must show a wrongful detention and, unless he had a general or special interest and the right of possession when the action was instituted, he is not entitled to a holding that the chattel was wrongfully detained from him (*Hofferman* v. *Simmons*, 290 N. Y. 449, 456). A party to an illegal agreement "'cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose' (*Stone* v. *Freeman*, 298 N. Y. 268, 271, citing the leading cases). \* \* \* And it makes no difference that defendant has no title to the [chattel] since the court's concern 'is not with the position of the defendant' but with the question of whether 'a recovery by the plaintiff should be denied for the sake of public interests', a question which is one 'of public policy in the administration of the law' (*Flegenheimer* v. *Brogan*, 284 N. Y. 268, 272)." (*Carr* v. *Hoy*, 2 N Y 2d 185, 187.) Upon the evidence as to the acts or transactions that took place before the commencement of this action, plaintiff was not entitled to a judgment in his favor. There is direct proof that he was in communication with Savini between April 9, 1948 and April 23, 1953, when the action was instituted. In support of his motion for summary judgment, which was denied (*Michalowski* v. *Ey*, 282 App. Div. 965), plaintiff had attached an affidavit from Savini verified June 4, 1953 in Florida. Therein Savini corroborated plaintiff's testimony that, under the name of Gallo the affiant had sold the car to plaintiff in March, 1948 for $3,500 in cash and the cancellation of a $500 indebtedness. Upon the strength of that affidavit, the trial court, citing *Marigliano* v. *O'Connor* (99 N. Y. S. 544), held that, while it found that plaintiff had not purchased the car in 1948 or at any other time, Savini might legally give plaintiff the right to take possession and there was such evidence that this was done to enable the court to determine that plaintiff was entitled to possession of the car. In our opinion, the *Marigliano* case is distinguishable. In that case, it appears that the plaintiff was relying on an assignment which was executed while the assignor was serving a term of imprisonment but before the action was instituted. If plaintiff was not entitled to possession when he instituted the action, he was not entitled to a judgment awarding possession of the chattel (*Hofferman* v. *Simmons*, 290 N. Y. 449, 456, *supra*; *Ganger* v. *Grace Coffee Shop*, 237 App. Div. 838, affd. 262 N. Y. 487; *Sinnott* v. *Feiock*, 165 N. Y. 444, 451). Assuming that the execution of the affidavit by Savini in June, 1953 is a sufficient basis on which plaintiff may maintain a new action in replevin, that affidavit, which was executed after commencement of the action, cannot be the basis for sustaining a judgment in favor of the plaintiff. Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to modify the judgment by adding thereto a provision awarding damages to plaintiff for the detention of the chattel, as demanded in the complaint, and to affirm the judgment as so modified, with the following memorandum: The evidence, in my opinion, clearly established that plaintiff was the owner of the automobile at the time that it was seized by the police. He then had it in his possession, and subsequently, and in 1948, had title to it transferred to him in writing by

Savini, the former owner, who in 1953 again corroborated plaintiff's testimony that he had purchased it from Savini for $4,000. That testimony was further corroborated by the witness Eaton. The record as I read it contains no evidence to the contrary, nor does it contain evidence sufficient to establish that plaintiff knew that Savini was a fugitive from justice at the time plaintiff purchased the automobile from him, or that the purchase was made to aid Savini to escape justice. If it be assumed, as the learned trial court found, that plaintiff was a mere bailee, and not the owner of the automobile, he was nevertheless entitled to damages (*First Commercial Bank* v. *Valentine,* 209 N. Y. 145), measured by the depreciation of the automobile during its illegal detention (*McGreevy* v. *New York Cent. R. R. Co.,* 243 App. Div. 264).