## Walter A. Spurgin v. George W. Kruse.

1. SET-OFF—*when defense of, cannot be interposed.* A defense of set-off cannot be interposed in an action to recover a penalty provided for by statute.

2. RECOUPMENT—*when defense of, may be interposed.* Recoupment is in law a mitigation of damages and the defense is of such a nature as will permit a claim originating in contract to be interposed as against one suing in tort; likewise damages for a tort may be recouped against a claim predicated upon a contract.

Action of debt to recover penalty. Appeal from the Circuit Court of McDonough County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded with directions. Opinion filed March 20, 1906.

ELTING & O'HARRA, for appellant.

NEECE & SON, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Walter A. Spurgin brought suit in the Circuit Court of McDonough county against George W. Kruse under section two of an act to regulate the sale of property under chattel mortgages, approved June 21, 1895, in force July 1, 1895.

The declaration set out in substance that Spurgin made a chattel mortgage to Kruse upon 859 head of sheep to secure the payment of a promissory note for the sum of $2,140; that upon the maturity of said note Kruse took possession of said property under his mortgage and sold the same, but did not make out any statement showing the items of said property sold, the names of the purchasers and amount for which each article sold, and did not within ten days after the sale deliver an itemized statement of such sale to the plaintiff, by means whereof, under said statute Kruse became liable to Spurgin to the extent of one-third the value of the property so sold.

Kruse, the appellee, filed two pleas; the first was the gen-

eral issue, and the second was a plea of set-off, setting up the note secured by the chattel. mortgage and asking, as against the sum due from Kruse to Spurgin, to set off the balance then due from Spurgin to Kruse upon the note.

To this second plea Spurgin, appellant, filed a demurrer which was overruled by the court. Appellant excepted to the ruling of the court, elected to stand by his demurrer and brings the suit to this court upon appeal.

We think the trial court was in error in overruling the demurrer to said second plea.

Our statute .governing practice in courts of record, section thirty, provides that a defendant may plead set-off or give notice thereof under the general issue, in any action brought upon any *contract* or *agreement,* either express or implied. This suit is one to recover a penalty for an alleged violation of a *statute;* and is not for a breach of a *contract* or *agreement.*

In cases where our courts have held that a judgment is not a contract within the meaning of the statute in relation to what may be matters of set-off, they have said that the words "contract" and "agreement" are used in their ordinary sense, and not with the intention of embracing every imaginable litigation upon every cause of action. Rae v. Hulbert, 17 Ill., 572; Ambler v. Whipple, 139 Ill., 311–.318.

We do not think there can be any doubt that such words, so employed in our statute, are not broad enough to admit a plea of set-off in a case like the one at bar, and that the demurrer to the second plea should have been sustained.

As this case must be reversed for trial, it may be right to say that we see no reason why Kruse cannot recoup under his plea of the general issue and by that means reduce Spurgin's recovery to the extent of the balance unpaid, if any, upon the note involved.

Even if appellant's right of action is not founded upon a contract, but rests in tort, appellee can recoup, if that right to recoup grows out of the same subject-matter or transaction. Recoupment is really a doctrine of mitigation of dam-

ages, and has been held to permit a claim originating in contract to be allowed in recoupment against one founded in tort, and damages for the tort to be recouped in a suit upon a contract. Streeter v. Streeter, 43 Ill., 155; Burroughs v. Clancey, 53 Ill., 30; Scott v. Kenton, 81 Ill., 96.

While the note upon which appellee may seek to recoup is signed by another person, besides appellant, yet it appears from the averments in the declaration that the indebtedness witnessed by the note was the debt of appellant. Therefore, since the suit is brought by the principal maker of the note, it is competent to recoup the balance unpaid upon the note.

The judgment is reversed, with direction to the Circuit Court to sustain the demurrer to the second plea.

The judgment is reversed and the cause remanded.

*Reversed and remanded; with directions.*