474    APPELLATE COURTS OF ILLINOIS.

Sturges & Burn Mfg. Co. v. Great West. S. & R. Co., 156 Ill. App. 474.

Sturges & Burn Manufacturing Company, Defendant in Error, v. Great Western Smelting & Refining Company, Plaintiff in Error.

## Gen. No. 15,176.

1. SALES—*when breach of warranty does not justify rescission.* Where there is a warranty of the goods sold, and there is no fraud in the sale and no agreement that the goods may be returned, the purchaser cannot annul the contract of sale on a claim of breach of warranty without the consent of the seller; in such a case, in an action for the price of the goods, the warranty and breach may be shown by evidence in mitigation of damages.

2. SALES—*what essential to rescission.* The actual tender of the merchandise sold is indispensable to the exercise of the right to rescission, where that right exists.

3. TENDER—*what does not constitute.* An offer by letter to return merchandise is not a tender thereof.

Assumpsit. Error to Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910. Rehearing denied July 7, 1910.

EASTMAN, EASTMAN & WHITE, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The record presents for our review the proceedings which terminated in a judgment for $850.35 and costs in favor of plaintiff and against defendant. Defendant purchased of plaintiff 5436 pounds of tin dross at 12 cents and 2529 pounds of terne dross at 7 cents, the total price being the amount of the judgment. The purchasing agent of defendant bought the dross on inspection at the plant of plaintiff and defendant subsequently took the dross away from the plant of plaintiff in its own conveyance and gave its receipt therefor. The terms of the sale were cash on delivery. Defendant re-

fused payment on the claim that the terne dross was not as represented nor according to the sample tested by defendant's purchasing agent. An offer by letter was made to return the dross, but defendant did not return any part of the dross so purchased, but, as it claims, stored all of the dross, less a little of it retained as samples, in the Sibley warehouse. No warehouse receipt was ever tendered plaintiff, and we gather from the evidence that the dross was stored in the name of the defendant. It is clear from this record that defendant from the time it took the dross from plaintiff has retained possession of it and that the title has ever since been and still is in defendant.

Defendant's defense of breach of warranty finds no support in the record. The law on this branch of the case is that where there is a warranty of the goods sold, and there is no fraud in the sale and no agreement that the goods may be returned, the purchaser cannot annul the contract of sale on a claim of breach of warranty without the consent of the seller; that in such a case, in an action for the price of the goods, the warranty and breach may be shown by evidence in mitigation of damages. Underwood v. Wolf, 131 Ill. 425, lays down the principle thus: "Where, therefore, the vendor of a warranted article, whether it be a specific chattel or not, sues for the price or value, it is competent to the purchaser, in all cases, to prove the breach of the warranty in reduction of damages and the sum to be recovered for the price of the article will be reduced so much as the article was diminished in value by non-compliance with the warranty. The well settled rule is stated that where there is a sale and delivery of personal property *in presenti* with express warranty and the property turns out to be defective, the vendee may receive and use the property and sue for damages on a breach of the warranty, or when sued for the purchase price may recoup such damages under the general issue or set them up in a special plea of set-off." Skinner v. Mulligan, 56 Ill. App. 47; Mayer v. Automobile Exchange, 125 *ib.* 648.

Defendant's evidence is all based on the contention that it had the right to rescind the contract because the dross was not

of the quality warranted. No attempt was made to prove damages by way of recoupment or set-off, because of the dross not being of standard or represented quality. The defense made by the proofs was therefore unavailing.

In the circumstances of this case defendant having taken away the dross was in duty bound to return it before the contract could be rescinded. The actual tender of the dross was indispensable to the right to rescind, if such right existed. The offer by letter to return was not a tender. The rule is aptly stated in Milliken v. Skillings, 89 Me. 180, as follows: "The word offer is frequently used by courts and text-writers as synonymous with 'tender,' and it may be properly so used with reference to articles capable of manual delivery and actually produced. But with respect to heavy articles of merchandise, situated at a distance from the place to which they must be transported if restored to the vendor, the phrase 'offer to return' is more commonly or aptly applied to express a willingness, or to make a proposal, to rescind the contract and return the goods. It is not sufficient, however, for a buyer, who has taken delivery of the goods at the vendor's place of business, merely to express a willingness or make a proposal to return the goods, or simply to give notice to the seller that he holds the goods subject to his order, or to request him to come and take them back. But if he would rescind the contract he must return or tender back the goods to the seller at the place of delivery, unless upon making the offer so to do he is relieved of the obligation, as stated, by a refusal to receive them if tendered." Mundt v. Simpkins, 81 Neb. 1.

The judgment of the Municipal Court being free from reversible error is affirmed.

*Affirmed.*