THE STURGES & BURN MANUFACTURING COMPANY, Appellee, *vs.* THE GREAT WESTERN SMELTING AND REFINING COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

APPEALS AND ERRORS—*controverted questions of fact are settled by judgment of Appellate Court.* Where the questions whether there was a verbal warranty at the time of the purchase of merchandise, whether the merchandise was of the quality represented, whether the contract was executed or executory and whether it was rescinded are controverted questions of fact, the judgment of the Appellate Court affirming that of the trial court is conclusive of such questions.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding.

EASTMAN, EASTMAN & WHITE, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee sued appellant in the municipal court of Chicago and recovered on a trial before a jury a judgment for $850.35, the purchase price of 5436 pounds of tin dross at twelve cents a pound and 2829 pounds of terne (solder) dross at seven cents a pound. The case was taken to the Appellate Court for the First District for review and the judgment of the trial court there affirmed. The Appellate Court granted a certificate of importance, and the case is here by appeal.

Appellee is in the business of manufacturing sheet-metal ware, and in the course of its operations accumulates, from time to time, quantities of skimmings rising from the molten metal and known as "dross." Appellant is in the business of buying old metal. Its purchasing agent called at the premises of appellee in March, 1908, and was taken by the latter's superintendent into the tin house, where the dross was kept, and shown both kinds, which he examined. The evidence tends to show that he was asked if he wanted samples, and replied, "No, I am satisfied; I will give you a price right now," and thereupon named the price given above, which was accepted and a request made that the purchase be confirmed by letter. The next day, March 17, the purchase was so confirmed and appellant sent its wagon to the appellee's place of business and obtained the dross, for which the teamster receipted. The day following, a collector who presented appellant a bill for the goods was told to come around in the afternoon and a check would then be given. A check was requested again the same evening, and the response was that the dross had not yet been weighed,—to come around in the morning. The evidence shows that when the dross reached the place of business of appellant it was unloaded and examined by three of its representatives, including the purchasing agent. Two or three days after the delivery one of appellant's representatives,—

not the purchasing agent,—went to appellee's factory and stated to a representative of appellee (Mr. Burn) that the material was not such as the appellant had .purchased, and Mr. Burn stated that he was not familiar with the matter and would look it up and let him know in a day or two. Six days after the delivery of the material appellant wrote appellee that it could not accept the dross as it was not like the samples its purchasing agent had seen, and that accordingly it rejected the entire lot and was holding it subject to appellee's orders. The next day this suit was brought. It appears that at or about this time the dross was stored by appellant in Sibley's warehouse. No warehouse receipt was tendered to appellee and apparently the material was stored in the name of appellant.

It is first urged that the court erred in refusing to take the case from the jury at the close of appellee's evidence, and likewise in refusing to instruct the jury to find for appellant at the close of all the evidence. There was evidence in the record which fairly tended to support appellee's cause of action, therefore the court did not err in refusing to take the case from the jury.

The chief contention of appellant, however, is that the contract was executory and not executed. This was a controverted question of fact, as were the questions whether there was warranty, whether the merchandise was of the quality represented, and whether, on this record, appellant rescinded the contract. These controverted questions of fact having been settled against appellant in the trial court and its judgment affirmed in the Appellate Court, they can not be reviewed here. The law on this point is so well settled that it is unnecessary to cite authorities.

We find no other questions raised that require our consideration. The judgment of the Appellate Court must therefore be affirmed.    *Judgment affirmed.*