## PEUSER v. MARSH.

(Supreme Court, Appellate Division, Third Department.　May 5, 1915.)

1. SALES ⊂⊃481—CONDITIONAL SALES—BREACH OF WARRANTY—RECOUPMENT.
   In an action to recover the price of chattels sold conditionally upon payment of the price. the buyer may recoup, set off, or counterclaim the damages caused him by breach of warranty.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ⊂⊃481.]

2. SALES ⊂⊃481—CONDITIONAL SALES—BREACH OF WARRANTY—RECOUPMENT IN REPLEVIN—COMMON LAW.
   In replevin to recover chattels conditionally sold, at common law, the buyer could not recoup, set off, or counterclaim the damages caused him by the seller's breach of warranty, since warranty was held an incident of a completed sale, with no vitality in an executory contract.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ⊂⊃481.]

3. SET–OFF AND COUNTERCLAIM ⊂⊃6, 9—"RECOUPMENT"—"COUNTERCLAIM."
   The right of "recoupment" is the right of one sued at common law or in equity, on a claim arising ex contractu or ex delicto, to set up in diminution of the plaintiff's demand any legal or equitable defense-originating in the same cause of action; it being in the nature of a cross-action, and implying that defendant has a cause of action arising from breach of the natural right, or of some part of the contract upon which the action is based, if it sounds in contract, and so being necessarily confined to the reduction or extinction of the plaintiff's demand, and not authorizing affirmative recovery, as does "counterclaim," which is a broader defense, not being limited to the rights of the defendant in the cause of action in suit.

   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 6, 7, 12; Dec. Dig. ⊂⊃6, 9.

   For other definitions, see Words and Phrases, First and Second Series, Counterclaim; Recoupment.]

4. SALES ⊂⊃481—CONDITIONAL SALES—BREACH OF WARRANTY—RECOUPMENT AND COUNTERCLAIM IN REPLEVIN—STATUTE.
   Sales of Goods Act (Laws of 1911, ch. 571) § 150, cl. "a," provides that on breach of warranty by the seller, the buyer at his election may accept or keep the goods and set up the breach by way of recoupment in diminution or extinction of the price. A conditional buyer of chattels defaulted in payment of the price, and the seller sought their recovery by replevin; the buyer setting up an alleged breach of warranty by way of recoupment and as a counterclaim. The plaintiff demurred. *Held*, that the defense by way of recoupment was good, since the application of the statutory provision is not limited to any particular form of action, in terms, but is general, while acceptance of the chattels does not discharge the plaintiff from liability for breach of warranty under the act, but that the defense by way of counterclaim was bad; the defendant not having the right at common law, and it not having been given by the act, which does not authorize any affirmative recovery by defendant.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ⊂⊃481.]

5. PLEADING ⊂⊃214—DEMURRER—ADMISSION.
   A demurrer admits the allegations of the pleading demurred to.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⊂⊃214.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. PLEADING ☞382—RECOUPMENT.
     At common law the defense of recoupment could be taken advantage of under the general issue.
     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1280–1294; Dec. Dig. ☞382.]
     Smith, P. J., dissenting.

Appeal from Special Term, Broome County.

Action of replevin by Peter C. Peuser against Elizabeth D. Marsh. The defendant set up breach of warranty, both by way of recoupment and as a counterclaim, and plaintiff demurred to the answer. The demurrer was sustained. From the judgment, defendant appeals. Reversed, and demurrer overruled as to the defense by way of recoupment, and sustained as to the counterclaim.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

H. J. Hennessey, of Binghamton, for appellant.
T. B. & L. M. Merchant, of Binghamton, for respondent.

LYON, J. This action is in replevin to recover the possession of a piano, with stool and scarf, which in October, 1912, were sold under a conditional contract of sale by the plaintiff, through an agent, to the defendant, for the sum of $260, of which $119 was paid prior to the time of the commencement of this action.

The defendant interposed an answer, setting up breach of warranty as a defense by way of recoupment, and also as a counterclaim, alleging his election, both prior and subsequent to the commencement of the action, to accept and retain the chattels, thereby claiming to affirm the sale. To these pleas the plaintiff demurred, upon the ground that each was insufficient in law upon the face thereof, and to the counterclaim upon the further ground that it was not of the character specified in section 501 of the Code of Civil Procedure, and did not state facts sufficient to constitute a cause of action.

The Special Term sustained the demurrer upon each of the grounds stated, and the defendant not desiring to plead over, directed the entry of final judgment sustaining the demurrer and awarding the possession of the chattels to the plaintiff. From the judgment entered upon such decision, this appeal has been taken.

The vital question at issue, therefore, is whether the right to recoup, set off, or counterclaim the damages sustained by a breach of warranty under a conditional sale exists in an action of replevin.

[1] That such right exists in an action to recover the price of the article sold has been generally held. Hooper v. Story, 155 N. Y. 171, 49 N. E. 773; Benjamin on Sales (7th Ed.) page 965; 35 Cyc. page 468; Sturges & Burn Mfg. Co. v. Great Western S. & R. Co., 156 Ill. App. 474, affirmed 248 Ill. 285, 93 N. E. 740; Konnerup v. Allen, 56 Wash. 292, 105 Pac. 639; Cable v. Macon, 153 N. C. 150, 69 S. E. 14; Code Civ. Proc. § 501.

[2] The defendant concedes that under the common law and prior to the amendment of the Personal Property Law (Consol. Laws, c. 41;

Laws of 1909, c. 45), by chapter 571, Laws of 1911, by adding thereto a new article 5, entitled "Sales of Goods," such right of counterclaim, set-off, or recoupment did not exist in this state, and that the defendant could not have maintained an independent action to recover damages by reason of the breach of warranty while the sale remained a conditional one, or until title had passed; warranty being held to be an incident of a completed sale, and as having no present vitality and force in an executory contract of sale. Osborn v. Gantz, 60 N. Y. 540; English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672; Roach v. Curtis, 115 App. Div. 765, 101 N. Y. Supp. 333, affirmed 191 N. Y. 387, 84 N. E. 283; Levis v. Pope Motor Car Co., 202 N. Y. 402, 95 N. E. 815.

Such has also been the rule in several of the other states. Blair v. Johnson & Sons, 111 Tenn. 111, 76 S. W. 912; Dearing Water Tube Boiler Co. v. Thompson, 156 Mich. 365, 120 N. W. 801, 24 L. R. A. (N. S.) 748; Singer v. Smith, 40 S. C. 529, 19 S. E. 132, 42 Am. St. Rep. 897; Moneyweight Scale Co. v. David (1914) 180 Mich. 8, 146 N. W. 391; People's Elec. Ry. Co. v. McKeen Motor Car Co., 214 Fed. 73, 130 C. C. A. 513. However, it has been held in other states that such damages might be set off by way of recoupment in an action of replevin. Ames Iron Works v. Rea, 56 Ark. 450, 19 S. W. 1063; Aultman Co. v. McDonough, 110 Wis. 263, 85 N. W. 980; Hutt v. Bruckman, 55 Ill. 441; Clement v. Field, 147 U. S. 467, 13 Sup. Ct. 358, 37 L. Ed. 244.

[3] Conceding that under the common law the buyer of personal property within this state upon a conditional sale had not the right in an action of replevin to recoup, set off, or counterclaim the damages sustained by a breach of warranty of the article sold, the only question involved upon this appeal is whether the common-law rule has been in any respect modified by chapter 571 of the Laws of 1911. That act, as stated in the foot note thereto, is substantially that prepared by the Commissioners for the promotion of Uniformity of Legislation in the United States.

Section 150 of that act, so far as is material to be considered at this time, provides:

"Remedies for Breach of Warranty. (1) Where there is a breach of warranty by the seller, the buyer may at his election (a) accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price; (b) accept or keep the goods and maintain an action against the seller for damages for the breach of warranty. * * * *"

Section 82 of said act defines contracts to sell and sales as follows:

"1. A contract to sell goods is a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price. * * * 2. A contract to sell or a sale may be absolute or conditional."

Concededly, therefore, the act applies to conditional contracts of sale.

Recoupment has been defined as:

"Defalcation or discount from a demand. A keeping back something which is due, because there is an equitable reason to withhold it. Tomlins." Black's Law Dictionary (2d Ed.).

Counterclaim may include any matter that might be the subject of recoupment or set-off, but it is not exclusive. Recoupment still exists. Vassear v. Livingston, 13 N. Y. 248.

In speaking of matters to be shown in defense, the term "recoupment" is often used as synonymous with "reduction." The term is of French origin, and signifies cutting again, or cutting back on the plaintiff's claim by defendant. Like reduction, it is of necessity limited to the amount of the plantiff's claim. It is properly applicable to a case where the same contract imposes mutual duties and obligations on the two parties, and one seeks a remedy for the breach of duty by the second, and the second meets the demand by a claim for a breach of duty by the first. Davenport v. Hubbard, 46 Vt. 200, 207, 14 Am. Rep. 620.

Recoupment is favored in law to prevent circuity of action and multiplicity of suits, and arises where one party to a contract is permitted to set up as a defense any damage he may have received by reason of the failure of the other party to comply with his contract in all matters involved in the contract. Penn Steel C. & M. Co. v. Wilmington M. I. Co., 1 Pennewill (Del.) 337, 41 Atl. 236.

In recoupment, both the cause of action in the plaintiff and the right to recoup in the defendant grow out of the same subject-matter and are correlative. Dietrich v. Ely, 63 Fed. 413, 11 C. C. A. 266.

A defense by way of recoupment denies the validity of the plaintiff's cause of action in so large an amount as he claims. It is not an independent cross-claim, like a separate and distinct debt, or item of account due from the plaintiff, but is confined to matters arising out of or connected with the transaction or contract which forms the basis of plaintiff's action. It goes only in abatement or reduction of plaintiff's claim, and can be used as a substitute only to the extent of plaintiff's demand. No judgment can be obtained by the defendant for any balance in his favor. McHardy v. Wadsworth, 8 Mich. 349; Elwell v. Skiddy, 77 N. Y. 282, 291.

The doctrine of recoupment is but a liberal and beneficial improvement on the old doctrine of failure of consideration. It looks through the whole contract, treating it as an entirety, and treating the things done and stipulated to be done on one side as the consideration for the things done or stipulated to be done on the other. Grisham v. Bodman, 111 Ala. 194, 20 South. 514.

Recoupment at common law was a claim for reduction of the amount due to the party. The doctrine of recoupment had been adopted in courts of equity long before it was introduced by statute into the practice of courts of law. In substance and effect it may be likened to the reduction of the amount recoverable on a contract because of the failure of consideration. Norton v. Sinkhorn, 63 N. J. Eq. 313, 50 Atl. 506.

Recoupment is, as the word implies, the cutting out or reduction of a part of a creditor's demand, and is based upon some failure of the creditor to comply with the terms of the contract out of which the debt sued upon arises. It goes directly to the amount due the plaintiff. The defendant, asserting such right, does not admit his indebtedness to plaintiff, and seek to set off against it an indebtedness due from plain-

tiff to. himself. He insists that plaintiff has in some material respect failed to perform his part of the contract on which the suit is based, and that by reason of such failure he has never become indebted to the plaintiff to the full amount of the agreed price. His counter demand goes directly to the amount due the plaintiff, and while perhaps not strictly a defense, it has often been spoken of as such, or at least as a partial defense. Medart Pulley Co. v. Dubuque T. & R. M. Co., 121 Iowa, 244, 96 N. W. 770.

Recoupment is a species of a common-law set-off for damages due the defendant growing out of the same transaction, and is allowed in actions both ex contractu and ex delicto, in order to avoid circuity and multiplicity of actions. Fidelity & Deposit Co. v. Haines, 78 Md. 454, 28 Atl. 393, 23 L. R. A. 652.

Recoupment is the keeping back of something that is due because there is equitable reason for holding it, and this defense crept from courts of chancery into the practice at law to enable courts of law to prevent circuity of action. Williams v. Neely, 134 Fed. 1, 4, 67 C. C. A. 171, 69 L. R. A. 232.

As developed and permitted by the American courts, recoupment has attained a wider and more extended application than in England. Very generally at least, if not altogether, the courts have not restricted its application to cases where a defendant may recoup his damages for the purpose of affecting the value of the goods sold or of the work done, or for having allowed the defendant to recoup damages suffered by him from any fraud, breach of warranty, or negligence of the plaintiff, growing out of and relating to the transaction in question, for the purpose of avoiding needless delay and litigation. Edge Moor Iron Co. v. Brown Hoisting Mach. Co., 6 Pennewill (Del.) 10, 62 Atl. 1054.

Recoupment is in law a mitigation of damages, and the defense is of such a nature as will permit a claim originating in contract to be interposed as against one suing in tort; likewise damages for a tort may be recouped against a claim predicated upon a contract. Spurgin v. Kruse, 125 Ill. App. 507.

Recoupment implies that plaintiff has a cause of action, and defendant has a cause arising out of the breach of some other part of the contract upon which the action is based or for some other cause connected with the contract, and is in the nature of a cross-action. Richard Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395.

Many additional definitions of the term "recoupment" might be referred to, but sufficient have been given to indicate that the term "recoupment" is not so broad as the term "counterclaim," which under our Code authorizes resort by the defendant to causes of action by way of defense other than set-off and recoupment, and that recoupment is limited to the amount of the plaintiff's demand, and to the reduction or extinction thereof, and to the transaction or contract which was the basis of the plaintiff's claim, and contemplates no affirmative recovery against the plaintiff.

[4-6] The cause of action in the case at bar is based upon the claim that the defendant, by reason of having made default in the

payment of a portion of the purchase price, was not entitled to retain possession of the chattels. The action in replevin is essentially possessory in its nature (Sinnott v. Feiock, 165 N. Y. 444, 59 N. E. 265, 53 L. R. A. 565, 80 Am. St. Rep. 736); and the issue litigated in a replevin suit is the present right to the possession of the property in controversy; and under a contract of sale on the installment plan no title whatever vests in the vendee until the purchase price has been extinguished (Empire State T. F. Co. v. Grant, 114 N. Y. 40, 21 N E. 49; Roach v. Curtis, 191 N. Y. 387, 84 N. E. 283). Concededly, proof that the plaintiff had received payment of the full sum to which he was entitled under the contract would defeat the action and entitle the defendant to retain possession of the chattels. In justice, the defendant has as good a claim to be adjudged to be the owner and entitled to the possession of the piano and other chattels by reason of having suffered, because of the breach by plaintiff of the warranty contained in the contract of sale, in a sum equal to the balance remaining unpaid upon the contract, as though the defendant had paid the plaintiff a like amount to apply upon the purchase price of the property. It was doubtless for this reason, as well as to prevent circuity of action, and from the fact that the common-law rule frequently worked hardship and often an entire denial of justice to the vendee, who at times was unable to locate the vendor, acting, as in the present instance, through an agent, and, if able to locate him, found that he was irresponsible or not within the jurisdiction of the court of the vendee's place of residence, that the Sales of Goods Act was passed. The abuses perpetrated and injustices suffered by persons usually illy able to bear the losses became so frequent, and the increase in the number of conditional sales upon the installment plan so great, as to call for legislative relief. This demand gave rise in the earlier years to the legislation now embodied in section 65 of the Personal Property Law, requiring the vendor who had repossessed himself of the chattels to hold the same for 30 days, within which the buyer might comply with the terms of the contract and thereupon receive the property, and providing that, if such terms had not been complied with, the vendor might cause the articles to be sold at public auction within 30 days after such period, and that, unless so sold, the vendee might recover of the vendor the amount paid on such articles. The court in its opinion in Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 403, 102 N. E. 573, 575, said:

"The legislative purpose was in the direction of promoting the public good, in mitigating the possible harshness of such a contract by preserving some right to a vendee"

—and that an express waiver in a conditional contract of sale of these provisions, was ineffectual, because inconsistent with the public policy manifested by the legislative act.

"It has been the policy of the law, in recent times, to allow parties to bring into a single action, so far as it can conveniently be done, all the controversies between them, for final and complete adjustment. The statute of set-off and the doctrine of recoupment have been from time to time extended and enlarged in view of this policy. The statute of counterclaim is a still further advance in the same direction, and should be liberally construed to accomplish the benign object of its enactment." More v. Rand et al., 60 N. Y. 208, 214.

Evidently in furtherance of the purpose to afford additional and needed protection to the vendees under conditional sales, and to enable the rights of the vendor and vendee to be speedily and economically settled in a single action, clause "a" of section 150, heretofore quoted, was enacted. That it was intended to apply to a replevin action seems apparent, not only from the fact that such construction is in the public interest, but also from the fact that the application of the provision is not in terms limited to any particular form of action, but in general allows the breach of warranty by way of recoupment to be set up.

Where a statute in general terms, and without limitation as to the nature of the action, authorizes a defendant to counterclaim for damages arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim or connected with the subject of the action, defendant in replevin may counterclaim for damages which at common law would have been a proper subject for recoupment. Ramsey v. Capshaw, 71 Ark. 408, 75 S W. 479; Reardon v. Higgins, 39 Ind. App. 363, 79 N. E. 208; McCormick Harvesting Mach. Co. v. Hill, 104 Mo. App. 545, 79 S. W. 745; Smith v. French, 141 N. C. 1, 53 S. E. 435; Morgan v. Spangler, 20 Ohio St. 38; Aultman Co. v. McDonough, 110 Wis. 263, 85 N. W. 980.

The enactment of the provision was useless, if held to apply only to an action for the price, as the vendee already had under the common law the right, not only of recoupment, but also of set-off and counterclaim in such an action; and the omission of the words "set-off" and "counterclaim," if clause "a" be held to apply only to an action to recover the price, might be claimed to indicate the legislative intent to limit the vendee in an action for the price to the right of recoupment alone, and to exclude the right of set-off and counterclaim.

Acceptance of the chattels by the defendant did not discharge the plaintiff from liability in damages for breach of warranty of the plaintiff in the contract to sell, in the absence of an agreement of the parties to that effect. Section 130, c. 571, Laws of 1911.

The complaint alleges that the amount unpaid upon the contract is $141, while the answer alleges that the damages sustained by the defendant by reason of the breach of warranty are $200. As by demurring to the answer the plaintiff has admitted the allegations thereof to be true, the case is one in which, concededly, the balance of the purchase price has been more than extinguished by the damages suffered by the defendant by reason of the breach of warranty by plaintiff.

At common law the defense of recoupment was taken advantage of under the general issue. Since the common-law system of pleading has been abolished, the manner of pleading has been governed by the Code. Code of Civil Procedure, §§ 500, 508; Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 337, 338, 88 N. E. 395.

That the vendee may recoup the damages sustained by him in this action, rather than be compelled to surrender the chattels to the vendor, and be then obliged to resort to an action to attempt to recover the damages sustained by him by reason of plaintiff's breach of warranty, was the apparent intent of the act above quoted. Hence the decision of the trial court in sustaining the demurrer to the defense setting up

damages by reason of breach of warranty by way of recoupment should be reversed, and the demurrer as to such defense overruled.

However, the defendant not having had the right of counterclaim by the common law, and it not having been given him by statute, the counterclaim and demand for affirmative judgment were not authorized, and the demurrer thereto was properly sustained.

As each party has in part been defeated, the decision should be without costs to either party.

Demurrer overruled as to the defense by way of recoupment, and sustained as to the counterclaim, without costs to either party. All concur, except SMITH, P. J., who dissents.