HARROLDS MOTORCAR COMPANY, Plaintiff, *v.* MINTHORNE T. GORDON, JR., and Others, Defendants.

Supreme Court, New York County, January 31, 1927.

Replevin — action in replevin to recover motorbus sold defendants — defendants rescinded contract, under Personal Property Law, § 150, subd. 1, ¶ d — counterclaim for false representations amounting to breach of warranty proper.

In this action by plaintiff to replevy a certain motorbus sold and delivered to the defendants under a conditional sales agreement, which plaintiff alleges defendants have breached by failure to pay the installments thereon, a counterclaim in defendants' answer for false representations amounting to a breach of warranty is proper where it appears that defendants, after discovery of the fraud or breach of warranty, tendered the motorbus to the plaintiff and demanded the return of the money paid on account of the purchase price. The defendants, having rescinded the contract, pursuant to the right given them under paragraph d of subdivision 1 of section 150 of the Personal Property Law, now seek recovery of the amount paid under the contract; such a counterclaim may be interposed in a replevin action, since the substance of the counterclaim arises out of the same transaction as does plaintiff's action.

MOTION by plaintiff in action of replevin to strike out counterclaim for false representation amounting to a breach of warranty.

*Cravath, Henderson & deGersdorff* [*John Preston Phillips* of counsel], for the plaintiff.

*Louis Feinstein,* for the defendants.

GIBBS, J. Plaintiff seeks to replevy a certain motorbus sold and delivered to the defendants under a conditional sales agreement, which agreement the plaintiff alleges defendants have breached by the failure to pay installments therein mentioned. In addition to the general denials contained in the answer, the defendants allege by way of a distinct defense and counterclaim that they were induced to purchase the motorbus in question because of representations made by plaintiff regarding the condition of the vehicle, which representations were false and known to be false by the plaintiff; that upon discovery thereof defendants rescinded the agreement and offered to return the bus and demanded the return of the amount paid on account of the purchase price. Plaintiff moves to strike out the separate defense and counterclaim on the ground that they do not state facts sufficient to constitute a cause of action and that the counterclaim is not one that can be properly interposed in the action. The question before the court is whether the right to counterclaim for false representation amounting to a breach of warranty exists in an action for replevin. Plain-

tiff urges that it does not and cites as authority for this contention the case of *Peuser* v. *Marsh* (167 App. Div. 604). In that case plaintiff instituted suit to replevy a certain piano sold and delivered to the defendant under a conditional bill of sale. The latter set up by way of recoupment and counterclaim a breach of warranty as to the condition of the piano. It appeared that defendant received and accepted the chattel. The court held that defendant was entitled to plead the damage sustained as a result of a breach of warranty by way of recoupment but not as a counterclaim, the theory being that under paragraph a of subdivision 1 of section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571), the purchaser of personal property had the right to set off damages for breach of warranty in diminution or extinguishment of the seller's claim where the purchaser had accepted the property, as such a defense " goes only in abatement or reduction of plaintiff's claim " (*Peuser* v. *Marsh, supra*), whereas a counterclaim is an independent cause of action for which an affirmative judgment is asked regardless of the validity of plaintiff's claim. But in the case at bar defendants, after discovery of the fraud or breach of warranty, tendered the motorbus to the plaintiff and demanded the return of the money paid on account of the purchase price. In other words, they rescinded the contract, tendered the chattel and now seek to recover the damages sustained. They do not ask anything in reduction of the claim nor do they admit the validity of the plaintiff's cause of action and attempt to reduce the amount thereof by offsetting the damages they may have sustained by reason of the breach of warranty. They have rescinded the contract pursuant to the right given them under paragraph d of subdivision 1 of section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571), and seek recovery of the amount paid under said contract. I believe such a counterclaim may be interposed in a replevin action where the substance of the counterclaim arises out of the same transaction. It seems to me that defendants' claim has such relation to plaintiff's cause of action and that it is just and equitable that the differences existing between the parties should be disposed of in the one litigation. In conformity with modern legal concepts it is the policy of the law to compel litigants wherever consistent with logic and justice to dispose of their controversy in a single action. (*More* v. *Rand,* 60 N. Y. 208.) This is a salutary policy and should be extended rather than curtailed.

I, therefore, conclude that the defendants' counterclaim is a proper one to be interposed in an action of replevin. Motion for an order striking out the defense and counterclaim is denied. Settle order on notice.