ELLA E. ROACH, Respondent, *v.* WILLIAM H. CURTIS et al.,
Appellants.

1. VENDOR AND VENDEE — CONTRACT OF CONDITIONAL SALE — WHEN
ACTION TO RECOVER AMOUNT PAID ON PURCHASE PRICE MAINTAINABLE
UNDER LIEN LAW. Under section 116 of the Lien Law (L. 1897, ch. 418,
amd. L. 1900, ch. 762), providing that articles sold under a contract of con-
ditional sale must, if retaken by the vendor for a breach of the conditions
by the vendee, be retained by such vendor for a period of thirty days,
during which the vendee may comply with the terms of the contract and
receive his property, after which, if such conditions are not complied
with, they may be sold at public auction, and if not "so sold within thirty
days after the expiration of such period the vendee  *  *  *  may recover
of the vendor the amount paid on such articles by such vendee  *  *  *,"
the vendee, in a contract of conditional sale, has the right to maintain an
action to recover the amount paid on account of the purchase price, on the
ground that the vendors, after retaking the property which was the sub-
ject-matter of the sale, failed to sell the same at public auction within the
period prescribed by the statute, unless that right has been lost either;
(1) by force of the judgment in a replevin suit, previously brought against
the vendee by the vendors, whereby it was determined that the latter were
entitled to retake the property upon the vendee's default in payment, or
(2) by reason of a provision in the contract between the parties to the
effect that in case the vendors should take possession of the goods on
default in payment they might sell at *private* as well as public sale.

2. SAME — WHEN JUDGMENT IN REPLEVIN NOT A BAR TO SUCH
ACTION. A judgment in an action of replevin brought by vendors to
recover property sold to a vendee under a contract of conditional sale,
whereby it was determined that the vendors were entitled to retake
the property on account of the vendee's default in payment, does not
preclude the vendee from maintaining an action under the Lien Law
(L. 1897, ch. 418, as amd. by L. 1900, ch. 762) to recover the amount paid
on the purchase price, since the issue litigated in an action of replevin is
the present right to the possession of the property in controversy, and
under the contract of sale between these parties no title whatever had
vested in the vendee at the time of such action, so that she had no defense
thereto. The judgment therein simply determined that the vendors were
then entitled to the possession of the property which was the subject of
the conditional sale, and that determination had no bearing, directly or
indirectly, upon her right, under the statute, to recover what she had
paid on account of the purchase.

3. SAME — WHEN CLAUSE IN CONTRACT PERMITTING PRIVATE SALE
OF RETAKEN GOODS NOT A WAIVER OF VENDEE'S RIGHTS UNDER LIEN
LAW. A clause in the contract of sale permitting the vendors to dispose

of the goods, retaken from the vendee, at private sale does not constitute a waiver of the vendee's right to recover the purchase money paid, where the vendors have not sought to exercise their power of sale at all, either at auction or privately, since the utmost effect of such clause, assuming it to to be lawful, was to empower the vendors, after they had resumed possession of the property, to sell it at private sale instead of at public auction; and as this waiver, even if effectual, extended no further than to the manner of selling, every other privilege which the statute confers upon the vendee, including the right to maintain an action for the amount paid on the purchase price, was retained.

*Roach* v. *Curtis*, 115 App. Div. 765, affirmed.

(Argued February 20, 1908; decided March 13, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 23, 1906, affirming a judgment of the Onondaga County Court, which affirmed a judgment in favor of plaintiff rendered by the Municipal Court of the city of Syracuse.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Hopkins* for appellants. Plaintiff waived the provision of the statute under which she seeks to recover. (*Woodman* v. *N. P. Co.*, 94 N. Y. Supp. 371; *Warners* v. *Quechel*, 19 App. Div. 494; *People* v. *Quigg*, 59 N. Y. 83; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Sentenis* v. *Ladew*, 140 N. Y. 466; *Mayor, etc.*, v. *Manhattan Co.*, 143 N. Y. 1; *Matter of Cooper*, 93 N. Y. 507; *Matter of N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 447; *H., etc., Co.* v. *Westchester*, 143 N. Y. 59; *H. K. & S. B. K. Co.* v. *Cooper*, 114 N. Y. 388.)

*Edward C. Ryan* for respondent. There was no waiver of the provisions of the statute under which plaintiff recovered. (*Adams* v. *R. L. Co.*, 159 N. Y. 176; *Borne* v. *Gants*, 60 N. Y. 542; *Rose* v. *Hawley*, 133 N. Y. 315.) For violation of the statute providing for the sale within sixty days of goods retaken after having been sold upon conditional sale an action will lie to recover back the money paid upon the purchase

price. ( *Woodman* v. *N. P. Co.*, 94 N. Y. Supp. 371; *Haefelin* v. *Jacob*, 106 App. Div. 166.)

WILLARD BARTLETT, J.    This is an action instituted in the Municipal Court of the city of Syracuse by the vendee in a contract of conditional sale to recover the amount paid by her on account of the purchase price, on the ground that the vendors, after retaking the property which was the subject-matter of the sale, failed to sell the same within the period prescribed by the statute.    The statutory provision invoked by the plaintiff is found in section 116 of the Lien Law (Laws of 1897, ch. 418, as amended by Laws of 1900, ch. 762), which reads as follows:

"Whenever articles are sold upon the condition that title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

The plaintiff purchased of the defendants' predecessors in business certain household furniture for which she agreed to pay $148 on the installment plan at the rate of $10 a month. She paid only $94 in all and then made default, whereupon the vendors sued her in replevin and obtained possession of the furniture by virtue of the execution issued on the judgment in the replevin suit. They have retained such posses-

sion ever since.   In view of their failure to sell the property, as permitted by the statute, the vendee sues here to recover the $94, being " the amount paid on such articles by such vendee."   Her right to maintain the action is clear and the judgment in her favor must be affirmed, unless that right has been lost either (1) by force of the judgment in the replevin suit, whereby it was determined that the vendors were entitled to retake the property upon her default in payment, or (2) by reason of a provision in the contract between the parties to the effect that in case the vendors should take possession of the goods on default in payment they might sell at *private* as well as public sale.

We are of opinion that the judgment in replevin did not preclude the vendee from maintaining this suit.   The action of replevin is essentially possessory in its nature.   (*Sinnott* v. *Feiock*, 165 N. Y. 444.)   The issue litigated in a replevin suit is the present right to the possession of the property in controversy.   Under the contract of sale on the installment plan between these parties, no title whatever had vested in the vendee at the time when the vendors thus sued her for the recovery of the goods (*Empire State T. F. Co.* v. *Grant*, 114 N. Y. 40), and hence she had no defense to that action.   The judgment therein simply determined that the vendors were then entitled to the possession of the property which was the subject of the conditional sale and that determination had no bearing, directly or indirectly, upon her right under the statute to recover what she had paid on account of the purchase, in the event of the vendors' failure to sell the same after they had retaken it.   The adjudication in the replevin suit was, therefore, no bar to her present claim and the trial court properly declined to give it effect as such.

It seems equally clear that the clause in the contract permitting the vendors to dispose of the retaken goods at private sale does not constitute a waiver of the vendee's right to recover the purchase money paid, where the vendors have not sought to exercise their power of sale at all, either at auction or privately.   The utmost effect of this clause was to allow

the vendors, after they had resumed possession, to sell the property in another way than that prescribed by the statute. Whether such a modification is consistent with public policy is questioned in the majority opinion of the Appellate Division and may be doubted.   In *Kneettle* v. *Newcomb* (22 N. Y. 249) this court, speaking through Denio, J., held that a person contracting a debt cannot agree with his creditor that in case of non-payment the creditor shall be entitled to levy execution upon property exempt from execution by the general laws of the state; and as Spring, J., aptly points out in the court below if the vendors in a contract of conditional sale can deprive the vendee of the privileges accorded to him under the Lien Law by inserting a provision for a private sale into the agreement, the practical benefits intended to be secured to the vendee by the statute can readily be nullified.   It is not necessary to decide this interesting and important question, however, as we are of opinion that the clause under consideration cannot be regarded as limiting or affecting the rights of the vendee under the Lien Law in any respect where, as here, the vendors have not assumed to exercise their power of sale at all during the statutory period.  ˙Assuming that the clause lawfully empowered them to sell at private sale instead. of at public auction, they nevertheless remained bound by all the other provisions of· the statute.   It was still incumbent upon them to retain the property thirty days after re-taking it; and if it was not redeemed within that period and they decided to sell even at private sale, they could not properly do so without giving·the notice prescribed in section 117 of the Lien Law.   In other words, if there was any effectual waiver by reason of the insertion of the clause in the contract permitting a private sale, it extended no further than to the manner of selling; every other privilege which the statute confers upon the vendee was retained.   Of these privileges, perhaps the most important was that of recovering from the vendor the amount paid on account ·of the purchase price, in case the vendor after re-taking the goods preferred not to sell them, and this remained wholly unaffected by the consent (if it was

a valid consent) of the vendee that the sale, if made, need not be made in the statutory method, *i. e.*, at public auction.

We think that there was nothing in the contract to prevent the plaintiff from maintaining the present action. There were some other claims of waiver, but they presented questions of fact which were disposed of by the verdict. The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HIS-COCK, JJ., concur.

Judgment affirmed.