BOYD v. WISSNER.

(Municipal Court of City of New York, Borough of Brooklyn, Sixth District. February 11, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—FORECLOSURE OF LIENS—CONDITIONAL SALES—RIGHTS OF SELLER.

Municipal Court Act (Laws 1902, c. 580) § 142, providing that the title shall not affect any existing right or remedy to foreclose liens without action, and that it does not apply where another mode of enforcing a lien upon a chattel is especially prescribed by law, does not require one who sold goods under a conditional contract, after foreclosing his lien in accordance with prior sections, to sell the goods retaken in accordance with Personal Property Law (Consol. Laws, c. 41) §§ 65 to 67, prescribing a method of sale upon foreclosure of liens in case of conditional sales, for the act refers only to methods for foreclosure, wherein the entire rights of the parties will be fixed, while sections 65 to 67 merely contemplate a retaking of the chattel in an attempt to enforce the lien and give the buyer a right to redeem after sale.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Action by Jessie Boyd against Otto Wissner. Judgment for defendant.

Joseph F. Conran, of Brooklyn, for plaintiff.
Benjamin C. Ribman, of Brooklyn, for defendant.

BOGENSHUTZ, J.   Plaintiff sues, pursuant to the provisions of section 65 of the Personal Property Law (Consol. Laws, c. 41), to recover the sum of $84, the amount which she had admittedly paid on account of the purchase price of a piano, under a conditional sale agreement.   All of the material facts are substantially conceded.   Admittedly the plaintiff herein was in default of her agreed payments, whereupon the defendant brought an action against the plaintiff pursuant to sections 137 to 142, Municipal Court Act (Laws 1902, c. 580), inclusive, to foreclose his lien.   There was personal service of the summons, and the plaintiff appeared therein, and, after trial of the issues, judgment rendered in favor of the defendant herein, awarding him a lien upon the chattel and directing its sale pursuant to section 141.   It further appears that an execution was thereupon issued to a marshal, who caused a sale thereof substantially in conformity with the provision of law relative to sales of personal property under execution upon a money judgment.   Sections 1384, 1428, 1429, Code Civ. Proc.

It is also conceded that the plaintiff herein received notice of the time and place of such sale, and that the chattel was sold for the amount of the lien, and that from the proceeds of the sale the defendant's lien was satisfied, together with the costs, and that no surplus remained thereafter.   The execution was thereupon returned satisfied.   No question is raised as to the regularity of the proceedings in said action, except that the plaintiff herein contends that the proceedings subsequent to the levy and seizure of the chattel by the marshal under the execution were regulated by the provisions of sections 65, 66, and 67, Personal Property Law (Laws of 1909, c. 45).   In support of his contention he calls attention to the provisions of section 142, Municipal Court Act, the saving clause of which he contends in effect "nullifies the provisions of section 141, or at least modifies it by regulating the time and manner of sale by the requirements of sections 65, 66, 67, Personal Property Law."

While the learned counsel for the plaintiff has presented a forceful argument in favor of what might properly be intended to be covered by such provisions, in order to bestow such benefits in absolutely all cases, whether there be special provisions for particular cases or not, after careful examination of this contention I am unable to find any proper basis for it.   Section 142, Municipal Court Act, provides:

"This title does not affect any existing right or remedy to foreclose or satisfy a lien upon a chattel, without action, and it does not apply to a case, where another mode of enforcing a lien upon a chattel is especially prescribed by law."

Under the first part of this section it is manifest that the framers had in mind all special provisions of law concerning the method of asserting and enforcing liens on personal property without action therefor, such as artisan's liens, vendor's liens on sales of personal property, warehouseman's liens, innkeepers, etc., as well as such others, where there is a retaking of possession of property by the vendor, the title of which

is vested conditionally in the vendee, and it be retaken with the object of regaining possession thereof by action or otherwise with a view to private disposition thereof.

Under the latter part of this section it will be observed that it was intended not to interfere with or change any existing method specially prescribed by law for the foreclosure of liens by action, such as result in a final determination of the status of the parties by a judgment; that is, in effect an equitable judgment which makes a disposition of the property under the law's process as distinguishable from a form of action and judgment therein which has as its only objective the possession of the property, with a personal right of private disposition thereof, as was the situation in the cases of Roach v. Curtis, 191 N. Y. 387, 84 N. E. 283; Crowe v. Liquid Carb. Co., 208 N. Y. 396, 102 N. E. 573.

A fair and reasonable construction of sections 65, 66, and 67 of the Personal Property Law will indicate that it was not intended to include a retaking in the sense of a seizure by levy under an execution issued upon a judgment in rem. If it had been so intended, it could have been stated in some clear language. A reference to sections 66 and 67 will clearly indicate that all that was contemplated was a retaking in an attempt to enforce a lien in a manner and under circumstances which would avoid or prevent a public sale with notice and opportunity for redemption. In other words, to afford the conditional vendee equitable protection from harsh contracts, affording reasonable notice of time and place of a public sale, and preventing the many subterfuges which invest sales of such chattels at a private sale.

For the reasons stated, the plaintiff cannot avail herself of the relief provided by section 65 of the Personal Property Law.

Judgment in favor of the defendant.