THIRD DEPARTMENT, JUNE, 1931.

KELVINATOR-SYRACUSE, INC., Appellant, v. WILLIAM EVANS, Respondent.

Appeal from a judgment of the Supreme Court, entered in the Rensselaer county clerk's office on March 3, 1930, and from an order entered on March 27, 1930, and also from an order entered on November 14, 1930.

Judgment and orders affirmed, with costs, on the ground that the portion of the answer designated " defense " was treated as a counterclaim upon the trial; the second counterclaim being the one that was dismissed without an exception, and that the court never intended to and did not direct a verdict for the plaintiff for replevin. The property without dispute belongs to the plaintiff. All concur, except Whitmyer, J., who dissents, with an opinion, and votes to reinstate the directed verdict of possession; Van Kirk, P. J., dissents and votes for reversal and a new trial on the ground that the court did not direct a verdict in replevin for possession of the property, its title to the property and right to possession not being in dispute, and the judgment should not be affirmed because of prejudicial errors at the trial.

WHITMYER, J. (dissenting). The action is in replevin and was brought to recover the possession of certain electrical refrigerating equipment, sold by plaintiff to defendant, under a conditional sales contract, made on or about December 28, 1927, for the sum of $1,498, with a finance charge of $100 and with an allowance of $351 for old equipment turned in by defendant. The title was to remain in plaintiff until the equipment was fully paid for. The price was to be paid in monthly installments of $61.10, payable on the twenty-eighth of each month. Upon default by defendant in any of his obligations, or under certain specified conditions, the entire amount was to become due and payable immediately; plaintiff was authorized to take possession of the equipment, without process, wherever found; the payments made were to be deemed as made for the use of and for liquidated damages on the equipment, to be retained by plaintiff or its assigns; and plaintiff was authorized to resell at public or private sale, deducting all expenses and applying any balance to the payment of the amount due, with the provision that any surplus was to be paid to and any deficiency was to be paid by defendant. According to the complaint, the sum of $925 was paid and the sum of $634, with interest from July 28, 1928, remains due. According to the answer, in addition to the down payment of $498 and the equipment turned in, defendant paid certain monthly installments, making, in all, the sum of $925.70 to July 28, 1928, and made no payments thereafter. When the action was commenced, defendant was in default in his payments, but, in a separate defense, claimed a rescission, in effect, in that the equipment was not up to the warranty, on account of which he notified plaintiff to remove it and to repay what had been paid, namely, $1,276.70. The same facts were set up in a counterclaim, with a

demand for $3,776.70 for damages, or $2,500 more than the amount asked for in the separate defense. The counterclaim was dismissed. Defendant did not except. The property was taken, in the action, by the sheriff and is in his hands. On the trial the court directed a verdict of possession in favor of plaintiff and stated that the direction did not affect the question as to plaintiff's right to replevy. Defendant did not except. Later, plaintiff entered a judgment thereon, but that was vacated. After the direction the case was summed up, without objection by plaintiff. At the close of the charge, plaintiff excepted to the submission of any question to the jury, claiming, in effect, that the direction of possession decided the case. Four specific questions were submitted to the jury and the answers were: (1) That defendant did not refuse to deliver the equipment when plaintiff demanded it; (2) that defendant offered to return it; (3) that there was an express or implied warranty as to fitness, and (4) that defendant was entitled to recover $1,337.80. Plaintiff's vice-president testified that defendant had paid in the sum of $986.80. And the sum of $351 was allowed for the old equipment. That is a total of $1,337.80, as found. And there was evidence to sustain the other findings. Defendant had failed to pay the installments after July 28, 1928, so that plaintiff could have taken possession of the equipment, under the contract, and retained it for sale and for disposition of the proceeds of sale, as provided by the Personal Property Law, and, upon failure so to do, defendant would have had a right of action for his actual damages, amounting to at least what he paid. (Pers. Prop. Law, §§ 62–65, 76–80-e, as added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales Act.) Instead, plaintiff brought an action to recover possession of the equipment and defendant answered, with some denials, a separate defense, in effect, asking for a rescission and a counterclaim. The action is essentially a possessory one. (Sinnott v. Feiock, 165 N. Y. 444, 450.) The right to possession is the issue. Under the contract of sale, title was to remain in plaintiff until the equipment was paid for, and no title had vested in defendant. Hence, there can be no defense to this action. (Roach v. Curtis, 191 N. Y. 387, 390.) And a judgment in the action that plaintiff is entitled to retake the property on account of defendant's default will not preclude defendant from an attempt to recover what has been paid in. (Roach v. Curtis, supra, 390; Spitaleri v. Brown, 163 App. Div. 644, 648.) The effect of the provisions in the contract permitting a private sale and the retention by plaintiff of all of the proceeds of sale, for use of or liquidated damages on the equipment, need not be considered at this time. (Roach v. Curtis, supra, 391.) The judgment and the orders appealed from should be reversed, and the judgment of possession, entered upon the directed verdict in favor of plaintiff, should be reinstated, without costs.