■ AMERICREDIT FINANCIAL SERVICES, INC., Appellant, v TYRONE DECOTEAU, Respondent. [959 NYS2d 548]—

In an action, inter alia, for replevin and to recover damages

for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 27, 2012, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for breach of contract is denied.

In October 2006, the defendant executed a retail installment contract with an automobile dealer for the purchase of a 2003 Lincoln Town Car. The dealer assigned the contract to the plaintiff. In 2010, the defendant defaulted in making his payments under the contract and the plaintiff accelerated the debt and demanded full payment of the principal plus accrued interest. When the defendant did not tender payment, the plaintiff commenced this action seeking, inter alia, replevin of the vehicle and to recover damages for breach of the retail installment contract. Thereafter, the plaintiff moved pursuant to CPLR 7102 for an order of seizure. The defendant opposed the motion and moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted the plaintiff's motion pursuant to CPLR 7102 for an order of seizure and also granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for breach of contract, thereby limiting the plaintiff's possible recovery to possession of the subject property.

"The action of replevin is essentially possessory in its nature" (*Roach v Curtis*, 191 NY 387, 390 [1908]). It is a provisional remedy which may be used as an incident to an action to recover a chattel (*see East Side Car Wash v K.R.K. Capitol*, 102 AD2d 157, 161 [1984]). Pursuant to CPLR 7102 (c) and (d), on a motion for an order of seizure, "a plaintiff must demonstrate a likelihood of success on its cause of action for replevin and the absence of a valid defense to its claim" (*Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C.*, 100 AD3d 620, 621 [2012]). An order of seizure is not a final disposition of a matter but is a pendente lite order made in the context of a pending action where the movant has established, prima facie, a superior right in the chattel (*see Staff v Hemingway*, 47 AD2d 709 [1975]).

Accordingly, while it is undisputed that the Supreme Court

properly granted the plaintiff's motion pursuant to CPLR 7102 for an order of seizure, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for breach of contract, thereby limiting the plaintiff's possible recovery to possession of the vehicle (*cf. Roach v Curtis*, 191 NY at 390). The defendant was not entitled to dismissal pursuant to CPLR 3211 (a) (1) of the cause of action to recover damages for breach of contract since he failed to utterly refute the plaintiff's factual allegations and conclusively establish as a matter of law a defense to that cause of action (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Further, the defendant was not entitled to dismissal of that cause of action pursuant to CPLR 3211 (a) (7), since the allegations in the complaint were sufficient to state a cause of action for breach of contract.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.